# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NETCHOICE, LLC d/b/a NETCHOICE, a 501(c)(6) District of Columbia organization; and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia corporation,

             Plaintiffs,

   v.

ASHLEY BROOKE MOODY, in her official capacity as Attorney General of the State of Florida; JONI ALEXIS POITIER, in her official capacity as Commissioner of the Florida Elections Commission; JASON TODD ALLEN, in his official capacity as Commissioner of the Florida Elections Commission; JOHN MARTIN HAYES, in his official capacity as Commissioner of the Florida Elections Commission; KYMBERLEE CURRY SMITH, in her official capacity as Commissioner of the Florida Elections Commission; and PATRICK GILLESPIE, in his official capacity as Deputy Secretary of Business Operations of the Florida Department of Management Services,

             Defendants.

Civil Action No.
4:21-cv-220-RH-MAF

Hon. Robert L. Hinkle

Magistrate Judge Hon.
Martin A. Fitzpatrick

1

**UNOPPOSED MOTION OF TECHFREEDOM FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

TechFreedom, a public interest organization dedicated to the preservation of civil liberties and the promotion of technological progress, respectfully moves for leave to file the attached brief as *amicus curiae* in support of Plaintiffs' Motion for Preliminary Injunction and Request for Expedited Consideration (Dkt. No. 22).

Government regulation of online expression threatens First Amendment rights of freedom of speech and association, and the open Internet. SB 7072 poses exactly such a danger, by restricting social media platforms' decisions on how to edit, curate, or publish content, and by retaliating against platforms that moderate content in ways that the government disapproves of. Florida justifies its regulation in part by claiming that social media platforms should be treated as common carriers. TechFreedom's brief seeks to aid this Court by more fully explaining why social media platforms do not fit within the definition of common carriers, and why SB 7072 would remain unconstitutional even if common carriage rules could be imposed.

I.   **THIS COURT HAS BROAD AUTHORITY TO APPOINT** *AMICUS CURIAE*

Although the Federal Rules of Civil Procedure "do not specifically provide for the filing of *amicus curiae* briefs at the district court level … district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Whether to grant leave to file as *amicus curiae* is within the discretion of the Court, and such briefs "should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Fla. By & Through McCollum v. U.S. Dep't of Health & Human Servs.*, No. 3:10-cv-91, 2010 WL 11570635 at *1 (N.D. Fla. June 14, 2010) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Factors relevant to this determination "include whether the proffered information is timely and useful." *Creedle v. Gimenez*, No. 17-22477-Civ, 2017 WL 5159602 at *5 (S.D. Fla. Nov. 7, 2017) (internal quotation marks omitted).

## II.    TECHFREEDOM HAS UNIQUE EXPERTISE AND PERSPECTIVE THAT CAN AID THE COURT IN ITS DETERMINATION

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. For the past decade, it has promoted technological progress that improves the human condition and advanced public policy that makes experimentation, entrepreneurship, and investment possible. The preservation of civil liberties, particularly First Amendment rights, in the rapidly evolving digital era is a core component of that work.

Accordingly, TechFreedom has closely studied SB 7072 and written extensively on its constitutional infirmities. See, e.g., Corbin Barthold & Berin Szóka, *No, Florida Can't Regulate Online Speech, Lawfare*, https://bit.ly/2T61jTj (Mar. 12, 2021) (cited in this action's complaint, Dkt 1, p. 19 n.26); Corbin Barthold & Berin Szóka, *Florida's History of Challenging the First Amendment Shows DeSantis' 'Tech Transparency' Bill Is Doomed*, Miami Herald (Mar. 25, 2021); Ari Cohn, *Governor's Social Media Bill Is Unconstitutional and Unwise*, Tallahassee Democrat, https://bit.ly/3g6UA4J (April 30, 2021).

4

Florida's claim that social media platforms should be treated like common carriers weaves these First Amendment concerns together with another topic of significant importance to TechFreedom. A well-known authority in the net neutrality debate, TechFreedom has been publishing and arguing about telecommunications law and common carriage for many years. See, e.g., *In re Restoring Internet Freedom*, 33 FCC Rcd. 311 (2018) (FCC's order repealing net neutrality, which cites comments submitted by TechFreedom 29 times). TechFreedom has filed numerous briefs and regulatory comments arguing that government overreach in the digital world via common carrier classifications jeopardize constitutionally guaranteed liberties and threaten to stifle innovation. See, e.g., Brief of TechFreedom, *ACA Connects v. Becerra*, No. 21-15430 (9th Cir. Apr. 13, 2021), available at https://bit.ly/3xcaIaB; Brief of TechFreedom, *Mozilla Corp. v. FCC*, No. 18-1051 (D.C. Cir. Oct. 18, 2018), available at https://bit.ly/3zk0XsM; Brief of TechFreedom, *US Telecom Ass'n v. FCC*, No. 15-1063 (D.C. Cir. Aug. 12, 2015), available at https://bit.ly/3iwKpb7; Comments of TechFreedom, *In re Restoring Internet Freedom*, WC No, 17-108 (FCC, Apr. 20, 2020), available at https://bit.ly/3cuSUQk.

SB 7072's attempt to evade First Amendment concerns by cloaking itself in the language of common carriage is precisely the threat against which TechFreedom has fought for the past decade. In its zeal to regulate online expression, Florida has stripped the concept of common carriage from its historical and legal contexts to justify denying social media platforms the right to determine what ideas to associate with, what type of community to foster, and what expression to publish and amplify to the world. But simply calling social media platforms "common carriers" does not make it so. A close examination of the historical and legal background of common carriage reveals that social media platforms do *not* fit the traditional definition, but rather are inherently edited, public-facing, expressive endeavors that cannot be dragooned into public service as unlimited forums for any expression that one wishes to post on them.

The importance of this decision is far-reaching. Legislation has been introduced in several states, based on similar invocations of common carriage rules—and platforms may soon be faced with a patchwork of different standards, to the detriment of First Amendment rights. Allowing the government to circumvent constitutionally

protected editorial discretion under the guise of common carriage would pose a significant threat not only to platforms' First Amendment rights, but also to a usable Internet where competing platforms are able to tailor their experience based on the desires and demands of the consumers that they serve. Accordingly, TechFreedom respectfully submits that briefing on the applicability of common carrier regulations to social media platforms will be useful in aiding this Court's decision.

## III.   CONCLUSION

For the foregoing reasons, TechFreedom respectfully requests that this Court grant its motion for leave to file the attached brief *amicus curiae*.

*[Remainder of this page intentionally left blank.]*

June 11, 2021                 Respectfully Submitted,

                              /s/Lawrence G. Walters

                              Lawrence G. Walters
                              (Florida Bar No. 776599)
                              Walters Law Group
                              195 W. Pine Ave.
                              Longwood, FL 32750
                              Phone: (407) 975-9150
                              Email: larry@firstamendment.com
                                      paralegal@firstamendment.com

                              Berin M. Szoka (*pro hac vice forthcoming*)
                              (D.C. Bar No. 496094)
                              TECHFREEDOM
                              110 Maryland Ave. NE, Suite 205
                              Washington, DC 20002
                              Phone: (202) 803-2867
                              Email: mail@techfreedom.org

## STATEMENT OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and N.D. FL Local Rule 7.1(F) because it contains 996 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(a) and Local Rule 7.1(F), and the type style requirements of Fed. R. App. P. 32(a) because this motion has been prepared in a proportionally spaced typeface (Century Schoolbook 14-point type) using Microsoft Word.

/s/ Lawrence G. Walters

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(B), counsel for TechFreedom conferred via e-mail with counsel for the Defendants about the relief sought in this Motion. Counsel for the Defendants indicated that they have no objection to the filing of this Motion.

/s/ Lawrence G. Walters

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed through the CM/ECF system on this 11th day of June, 2021, which will serve a copy by email on all counsel of record.

<u>/s/ Lawrence G. Walters</u>