IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Civil Action No. 4:21-cv-00220-RH-MAF

NETCHOICE, LLC d/b/a NETCHOICE, a 501(c)(6) District of Columbia organization; and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia corporation,

    Plaintiffs,

        v.

ASHLEY BROOKE MOODY, in her official capacity as Attorney General of the State of Florida; JONI ALEXIS POITIER, in her official capacity as Commissioner of the Florida Elections Commission; JASON TODD ALLEN, in his official capacity as Commissioner of the Florida Elections Com- mission; JOHN MARTIN HAYES, in his official capacity as Commissioner of the Florida Elections Commission; KYMBERLEE CURRY SMITH, in her official capacity as Commissioner of the Florida Elections Commission; and PATRICK GILLESPIE, in his official capacity as Deputy Secretary of Business Operations of the Florida Department of Management Services,

    Defendants.
_____/

**CONSENT MOTION OF AMICI ELECTRONIC FRONTIER FOUNDATION AND PROTECT DEMOCRACY PROJECT, INC. FOR LEAVE TO FILE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Non-parties Electronic Frontier Foundation (EFF) and the Protect Democracy Project, Inc. (Protect Democracy) seek leave to file an *amici curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 22, in the above-captioned case. All parties consent to EFF and Protect Democracy filing their brief.

EFF is a member-supported, nonprofit civil liberties organization that has worked for 30 years to protect free speech, privacy, security, and innovation in the digital world. EFF, with more than 30,000 members, represents the interests of technology users through impact litigation, direct advocacy, and technology development to encourage and challenge industry, government, and courts to support free speech, privacy, and innovation in the information society. *See, e.g.*, *Woodhull Freedom Foundation v. United States*, No. 18-cv-1552 (D.D.C. 2018) (counsel to plaintiffs bringing a First Amendment challenge to the Allow States and Victims to Fight Online Sex Trafficking Act of 2017);[1] *PETA v. Young*, No. 18-cv-01547 (S.D. Tex. 2018) (counsel to a plaintiff bringing a First Amendment challenge to Texas A&M's blocking plaintiff from posting on the university's official Facebook page);[2] *Packingham v. North Carolina*, 582 U.S. ___, 137 S.Ct. 1730, 1735-36 (2017) (cited

---

[1] More information about the case is available at https://www.eff.org/cases/woodhull-freedom-foundation-et-al-v-united-states.

[2] More information about the case is available at https://www.eff.org/cases/peta-v-texas-am.

as *amicus curiae* in case holding that state law prohibiting access to social media services violated the First Amendment); *Prager University v Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) (appearing as *amicus curiae* in support of Google's First Amendment rights to moderate user-generated content).[3]

The Protect Democracy Project, Inc., is a nonpartisan, nonprofit organization dedicated to preventing our democracy from declining into a more authoritarian form of government. It engages in litigation and other advocacy to protect elections and voting rights, as well as to protect the public sphere and to enable dissent. Protect Democracy's work recognizes the particular threat that disinformation poses to a functioning democracy.

### *AMICI*'S BRIEF WILL ASSIST THE COURT BY PROVIDING INTERNET USERS' PERSPECTIVE ON S.B. 7072

*Amici* seek leave to file their brief so that the Court can understand how S.B. 7072's multiple First Amendment problems negatively affects internet users who rely on online social media platforms to speak, to organize, and to build communities. As *amici*'s brief explains, the First Amendment provides online services with a right to determine whether and how to host people's speech online, a bulwark against government regulation that also benefits users by allowing

---

[3] The brief is available at https://www.eff.org/files/2018/11/26/prager_v_google_-_eff_amicus_brief.pdf.

platforms to decide whether to create moderated or unmoderated platforms. S.B. 7072 coerces platforms into not moderating online speech of certain preferred speakers—Florida political candidates and large media organizations.

As the brief explains, the law harms users in two distinct ways.

*First*, by forcing platforms to not moderate certain speakers' online speech, the law limits the ability for individual platforms to set their own rules for the kinds of users and speech they will allow. This violates those service's First Amendment rights while also limiting the availability of diverse online forums, undermining internet users' interests.

*Second*, by demanding that certain speakers' speech not be moderated, S.B. 7072 impermissibly discriminates against every other internet user who is not a candidate for public office or a "journalistic enterprise" as defined by the statute. This speaker-based distinction is a violation of the First Amendment and it also exacerbates existing power disparities between average internet users and public officials.

But as *amici*'s brief explains, online platforms' inconsistent and opaque moderation decisions can have significant consequences for internet users' speech. The public should scrutinize platforms' moderation decisions while also pushing them to voluntarily adopt practices that follow a reasonable human rights framework appropriate for their platform. The problem with S.B. 7072 is that it seizes on these

4

legitimate concerns to unconstitutionally coerce platforms to adopt Florida's preferred content moderation practices, despite such interference being barred by binding Supreme Court precedent.

*Amici* thus believe their brief will assist this Court's review of S.B. 7072 while ensuring that it understands internet users' concerns with large social media services' content moderation policies. *See Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006).

Therefore, EFF respectfully requests leave to file the attached *amicus* brief.

## CERTIFICATE OF WORD COUNT

I hereby certify that, pursuant to Local Rule 7.1(F), this motion contains a total of 703 words and the attached *amici curiae* brief contains a total of 6,717 words, for a total of 7,420 words.

<u>/s/*Christopher B. Hopkins*</u><br>
Christopher B. Hopkins, Esq.

Dated: June 14, 2021                          Respectfully submitted,

/s/*Christopher B. Hopkins*
Christopher B. Hopkins, Esq.
Florida Bar No. 116122
McDonald Hopkins LLC
505 S. Flagler Drive, Sute #300
West Palm Beach, FL 33401
Email: chopkins@mcdonaldhopkins.com
Phone: (561) 847-2346
Fax: (561) 472-2122

*Counsel for Amici Curiae*
*Electronic Frontier Foundation and*
*Protect Democracy Project, Inc*

and
   Aaron Mackey
   (*pro hac vice forthcoming*)
   David Greene
   (*pro hac vice forthcoming*)
   Kurt Opsahl
   (*pro hac vice forthcoming*)

Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
amackey@eff.org
davidg@eff.org
kurt@eff.org
(415) 436-9333 phone
(415) 436-9993 fax

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following to all counsel of record.

/s/*Christopher B. Hopkins*
Christopher B. Hopkins, Esq.
