# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NETCHOICE, LLC d/b/a NETCHOICE, a 501(c)(6) District of Columbia organization; and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia corporation,

    Plaintiffs,

v.

ASHLEY BROOKE MOODY, in her official capacity as Attorney General of the State of Florida; JONI ALEXIS POITIER, in her official capacity asCommissioner of the Florida Elections Commission; JASON TODD ALLEN, in his official capacity as Commissioner of the Florida Elections Com- mission; JOHN MARTIN HAYES, in his official capacity as Commissioner of the Florida Elections Commission; KYMBERLEE CURRY SMITH, in her official capacity as Commissioner of the Florida Elections Commission; and PATRICK GIL- LESPIE, in his official capacity as Deputy Secretary of Business Operations of the Florida Department of Management Services,

    Defendants.

Civil Action No.
4:21-cv-00220-RH-MAF

**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF FLORIDA, AUTHORS GUILD INC., CENTER FOR DEMOCRACY & TECHNOLOGY, MEDIA LAW RESOURCE CENTER, INC., AND PEN AMERICAN CENTER, INC. FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Proposed amici curiae the Reporters Committee for Freedom of the Press, American Civil Liberties Union, American Civil Liberties Union of Florida, Authors Guild Inc., Center for Democracy and Technology, Media Law Resource Center, Inc., and Pen American Center, Inc. (hereinafter, "proposed amici"), respectfully move this Court for leave to submit the attached amici curiae brief in support of Plaintiffs' Motion for Preliminary Injunction. The proposed brief is attached to this Motion.

Federal district courts have "broad discretion and the inherent authority to allow amici to participate." *Fla. by & through McCollum v. U.S. Dep't of Health & Human Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010). "An amicus brief should normally be allowed" when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *1 (quotation and citation omitted). Indeed, as one court has noted, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation and citation omitted).

Here, proposed amici seek the Court's leave to file the attached amici curiae brief based on the following:

1. Proposed amici have a unique perspective, not represented by the parties to this case, that can help provide "a complete and plenary presentation of difficult issues" so that the court "may reach a proper decision." *McCollum*, 2010 WL 11570635, at *1.

The Reporters Committee for Freedom of the Press is an unincorporated nonprofit founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

The American Civil Liberties Union ("ACLU") is a nationwide, non-partisan, non-profit organization. The ACLU of Florida is a state affiliate of the ACLU. Both organizations are dedicated to defending the principles embodied in the Constitution and our nation's civil rights laws and, for decades, have been at the forefront of efforts nationwide to protect the full array of civil rights and liberties, including freedom of speech and freedom of the press online. The ACLU and the ACLU of Florida have frequently appeared before courts throughout the country in First Amendment cases, both as direct counsel and as amici curiae.

The Authors Guild, Inc. was founded in 1912, and is a national non-profit association of more than 9,000 professional, published writers of all genres. The

Guild counts historians, biographers, academicians, journalists and other writers of nonfiction and fiction as members. The Guild works to promote the rights and professional interests of authors in various areas, including defending their right of freedom of expression. Many Guild members earn their livelihoods through their writing. Their work covers important issues in history, biography, science, politics, medicine, business and other areas; they are frequent contributors to the most influential and well-respected publications in every field.

Center for Democracy & Technology ("CDT") is a non-profit public interest organization. For more than 25 years, CDT has represented the public's interest in an open, decentralized internet and worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age. CDT regularly advocates in support of the First Amendment and protections for online speech before legislatures, regulatory agencies, and courts.

The Media Law Resource Center, Inc. ("MLRC") is a non-profit professional association for content providers in all media, and for their defense lawyers, providing a wide range of resources on media and content law, as well as policy issues. These include news and analysis of legal, legislative, and regulatory developments; litigation resources and practice guides; and national and international media law conferences and meetings. The MLRC also works with its membership to respond to legislative and policy proposals and speaks to the press

and public on media law and First Amendment issues. It counts as members over 125 media companies, including newspaper, magazine and book publishers, TV and radio broadcasters, and digital platforms, and over 200 law firms working in the media law field. The MLRC was founded in 1980 by leading American publishers and broadcasters to assist in defending and protecting free press rights under the First Amendment.

PEN American Center, Inc. ("PEN America" or "PEN") is a nonprofit organization that represents and advocates for the freedom to write and freedom of expression, both in the United States and abroad. PEN America is affiliated with more than 100 centers worldwide that comprise the PEN International network. Its membership includes more than 7,500 journalists, novelists, poets, essayists, and other professionals. PEN America stands at the intersection of journalism, literature, and human rights to protect free expression. PEN champions the freedom of people everywhere to write, create literature, convey information and ideas, and express their views, recognizing the power of the word to transform the world. PEN America supports the First Amendment and freedom of expression in the United States.

2. The issues raised in Plaintiff's Motion for Preliminary Injunction bear directly upon the interests and expertise of proposed amici. Proposed amici have a strong interest in protecting the free flow of information to the public, of which

private speakers, including, but not limited to, news organizations, are a key part. Proposed amici write to address the acute threat posed by S.B. 7072 to essential First Amendment protections for the press and public. By permitting the State of Florida to compel private communications platforms to carry speech that they would otherwise host, S.B. 7072 vests the State with the power of the censor, and threatens to erode the rule articulated by the U.S. Supreme Court in *Miami Herald Publ'g Co. v. Tornillo,* 418 U.S. 241, 260 (1974) (White, J., concurring) ("[A]ny . . . system that would supplant private control of the press with the heavy hand of government intrusion . . . would make the government the censor of what the people may read and know."). Vesting the censorial power in the government to interfere with online platforms' exercise of editorial control and judgment is antithetical to the public's interest in freely receiving and disseminating information.

Proposed amici further write concerning S.B. 7072's "journalistic enterprise" carve-out, which bars platforms from "edit[ing]" or "post[ing] an addendum to any content or material." 2021 Fla. Sess. Law Serv. Ch. 2021-32, § 4 (S.B. 7072). If allowed to stand, this exception would violate the central principle underpinning *Tornillo*—that "governmental regulation" of "editorial control and judgment" cannot be "exercised consistent with First Amendment guarantees of a free press[.]" *Tornillo*, 418 U.S. at 258. When a communications platform speaks

in its own voice by curating or commenting on content on its platform, First Amendment protections must apply. *Id*.

3. No party's counsel authored the proposed amici curiae brief in whole or in part. No party or party's counsel, other than proposed amici, their members, or their counsel, contributed money intended to fund preparing or submitting the brief.

4. Pursuant to Local Rule 7.1(B), counsel for proposed amici have conferred with counsel for Plaintiffs and Defendants. Both Plaintiffs and Defendants consent to the filing of the proposed amici curiae brief.

For the foregoing reasons, proposed amici respectfully request leave to file the attached brief.

Dated: June 14, 2021

Respectfully submitted,

*/s/ Deanna K. Shullman*
Deanna K. Shullman (FBN No. 514462)
dshullman@shullmanfulgate.com
Shullman Fugate PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
Tel: (561) 429-3619

*Counsel for Amici Curiae*

## CERTIFICATE OF SERIVCE

I HEREBY CERTIFY that on June 14, 2021, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

*/s/ Deanna K. Shullman*
Deanna K. Shullman