IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC, et al.,

        Plaintiffs,

v.

ASHLEY BROOKE MOODY, et al.,

        Defendants.

CASE NO. 4:21-cv-00220-RH-MAF

**DEFENDANTS' INTIAL RULE 26(a)(1) DISCLOSURES**

Pursuant to the Court's Initial Scheduling Order (DE 31) and Rule 26, Fed. R. Civ. P., Defendants, Ashley Moody, Joni Alexis Poitier, Jason Todd Allen, John Martin Hayes, Kymberlee Curry Smith, and Patrick Gillespie, acting in their respective official capacities, hereby provide the following initial disclosures required by Rule 26(a)(1):

**1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants at this time are unable to provide such information. The challenged Florida law, Senate Bill 7072 (the "Act"), has for the most part been preliminarily enjoined, prior to its effective date. As a consequence, Defendants are

barred from administering and enforcing the enjoined provisions of the Act. Hence, Defendants are not yet in a position to identify persons likely to have discoverable information that Defendants may use to support their defenses. It is Defendants' view that the identities of such persons are most likely to surface in the course of pretrial discovery yet to be obtained from Plaintiff associations and their members, through requests for production of documents, Rule 30(b)(6) depositions of Plaintiffs, and subpoenas to their members.

**2.     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Defendants at this time are unable to provide much of this information. The Act has for the most part been preliminarily enjoined, prior to its effective date. As a consequence, Defendants are barred from administering and enforcing the enjoined provisions of the Act. Hence, apart from the Act itself; the publicly available legislative record; publicly available documents demonstrating social media companies' actions and comments regarding internet access, social media access, censorship, post-prioritization, deplatforming, and shadow banning; and publicly available documents demonstrating Plaintiffs' members' terms of service, Defendants are unable to provide such information. It is Defendants' view that the information is most likely to surface in the course of pretrial discovery yet to be obtained from Plaintiff associations and their members, through requests for

production of documents, Rule 30(b)(6) depositions of Plaintiffs, and subpoenas to their members.

**3.     A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

No damages are claimed by Defendants.

**4.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

This provision is inapplicable to this matter.

| | |
|---|---|
| Dated: August 2, 2021 | Respectfully submitted, |
| /s/Blaine H. Winship<br>Blaine H. Winship<br>Florida Bar No. 356913<br>Chief Assistant Attorney General<br>Complex Litigation Bureau<br><br>Daniel W. Bell<br>Florida Bar No. 1008587<br>Chief Deputy Solicitor General<br><br>Office of the Attorney General of Florida<br>The Capitol, Suite PL-01<br>Tallahassee, Florida 32399-1050<br>Telephone: (850) 414-3300<br>Facsimile: (850) 488-4872<br>Blaine.winship@myfloridalegal.com | /s/Charles J. Cooper<br>Charles J. Cooper (248070DC)<br>David H. Thompson (450503DC)<br>Brian W. Barnes*<br>Joseph O. Masterman (Florida Bar No. 1004179)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., NW<br>Washington, DC 20036<br>(202) 220-9600<br>ccooper@cooperkirk.com<br>dthompson@cooperkirk.com<br>bbarnes@cooperkirk.com<br>jmasterman@cooperkirk.com<br>   *Admitted *pro hac vice*<br><br>James W. Uthmeier |

| | |
|---|---|
| Daniel.bell@myfloridalegal.com | Florida Bar No. 113156 |
| | General Counsel |
| *Attorneys for Defendants Ashley Moody, in her official capacity as Attorney General of Florida; Joni Alexis Poitier, in her official capacity as Commissioner of the Florida Elections Commission; Jason Todd Allen, in his official capacity as Commissioner of the Florida Elections Commission; John Martin Hayes, in his official capacity as Commissioner of the Florida Elections Commission; and Kymberlee Curry Smith, in her official capacity as Commissioner of the Florida Elections Commission* | Raymond F. Treadwell |
| | Florida Bar No. 93834 |
| | Chief Deputy General Counsel |
| | EXECUTIVE OFFICE OF GOVERNOR RON DESANTIS |
| | Office of the General Counsel |
| | The Capitol, PL-05 |
| | Tallahassee, FL 32399 |
| | (850) 717-9310 |
| | James.Uthmeier@eog.myflorida.com |
| | Ray.Treadwell@eog.myflorida.com |
| | |
| | *Attorneys for Defendant Patrick Gillespie, in his official capacity as Deputy Secretary of Business Operations of the Florida Department of Management Services* |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of August, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Blaine H. Winship*
Blaine H. Winship

4