**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

NETCHOICE, LLC et al.,

    Plaintiffs,

v.                                    CASE NO. 4:21cv220-RH-MAF

ASHLEY BROOKE MOODY et al.,

    Defendants.

_____/

## **SCHEDULING AND MEDIATION ORDER**

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) report. The order sets the schedule that will apply if proceedings are not stayed.

IT IS ORDERED:

1. The parties must confer and file by August 18, 2021 a joint statement or separate unilateral statements, together with any supporting argument, on whether proceedings should be stayed pending a ruling on the appeal of the preliminary injunction.

2. The trial is set for the two-week trial period that begins on Monday, June 6, 2022. A party with a conflict during that trial period must file a notice by August 18, 2021.

3. The deadline to amend pleadings or join parties is August 6, 2021.

4. The discovery deadline is February 7, 2022.

5. The 26(f) report, ECF No. 122, will control the matters it addresses, except when it conflicts with this order. On matters not addressed in this order or the 26(f) report, the Initial Scheduling Order remains in effect.

6. The deadline for filing summary-judgment motions is 21 days after the discovery deadline, but *they should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

7. The 2015 revision of Local Rule 56.1 applies, but the word limit for the first memorandum in support of or in opposition to a motion is increased to 12,500.

8. A summary-judgment hearing will be set on any party's request. Even if a hearing is scheduled, a motion may be resolved before the hearing based on the written record. Any motion that remains pending will be heard at the pretrial conference.

9. Deadlines will be determined based on this order (including the 26(f) report to the extent made applicable by this order), other applicable orders, and the

governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

10. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. By that same deadline, the parties must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3), including those related to depositions that will be introduced at trial, and including separate disclosures of witnesses and exhibits the party intends to present or may present if the need arises. The deadline for objections under Rule 26(a)(3) is seven days later.

11. Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

12. The attorneys' attention is directed to the American College of Trial Lawyers' *Code of Pretrial and Trial Conduct*, which sets out standards of professionalism.

13. A party may move to require mediation, but no requirement to mediate is established at this time.

SO ORDERED on August 4, 2021.

s/Robert L. Hinkle<br>
United States District Judge