# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

NETCHOICE, LLC et al.,

        Plaintiffs,

v.

ASHLEY BROOKE MOODY et al.,

        Defendants.

CASE NO. 4:21-cv-00220-RH-MAF

## DEFENDANTS' STATEMENT OPPOSING A STAY PENDING THE APPEAL OF THE PRELIMINARY INJUNCTION

For the reasons set forth below, Defendants oppose issuance of a stay of discovery pending resolution of the appeal of the Preliminary Injunction entered by the Court in this matter, by which the Court preserved the status quo *ante*.

The first issue the parties discussed at their Rule 26(f) conference was whether the case should proceed in this Court during the pendency of Defendants' interlocutory appeal. All agreed that it should. Far from advocating delay in their portion of the Rule 26(f) report, Plaintiffs urged the Court to adopt an extremely aggressive schedule that would have given the parties less than four months to take discovery. When the parties conferred again on this issue after the Court entered its Order of August 4, Plaintiffs reiterated their position that there should be no stay.

1

Yesterday Plaintiffs changed course, telling Defendants that they would ask the Court to stay proceedings during the pendency of the interlocutory appeal. With all respect due to Plaintiffs and their counsel, they were right the first time. This case presents very important issues concerning the scope of the government's authority to regulate the content moderation decisions of social media platforms—"the most important places . . . for the exchange of views" in our democracy. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735 (2017). There is an overwhelming public interest in resolving this case expeditiously—before another election in which Plaintiffs' members are able to manipulate public discourse by censoring their users. And the State has a strong interest in enforcing the Act to the extent that it is consistent with federal law. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers).

Moreover, Plaintiffs have made clear their intent to file a motion for summary judgment in their favor shortly, and well before the deadlines for completing discovery and for filing dispositive motions. Plaintiffs apparently view their positions as not requiring discovery, but Defendants' contrary positions almost surely will, as reflected, *inter alia¸* in the defenses asserted in their Answer. Under that circumstance, a stay of discovery would be even more prejudicial to Defendants, inasmuch as it would not stay the filing of Plaintiffs' dispositive motion.

Staying proceedings in district court pending an interlocutory appeal is not the norm, and for good reason. *See, e.g.*, *FTC v. Lanier Law, LLC*, 2015 WL 12915697, at *3 (M.D. Fla. Apr. 22, 2015); *FTC v. IAB Marketing Associates*, 972 F. Supp. 2d 1307, 1310–11 (S.D. Fla. 2013); *CFTC v. Gibraltar Monetary Corp.*, 2005 WL 8161437, at *1 (S.D. Fla. Jan. 31, 2005). In the federal court system, while discovery stays are not infrequently entered while motions to dismiss are pending, particularly where issues concerning subject matter jurisdiction are raised, such stays are far from routine while preliminary injunctions are on interlocutory appeal, because the injunctions primarily serve to preserve the status quo *ante* during the litigation rather than to resolve issues of law or fact so as to obviate the need for discovery. Litigants are generally required to await final judgment before appealing because of the delay and disruption that an interlocutory appeal can cause in district court. It is precisely because a case can efficiently proceed in district court during the pendency of an appeal from a preliminary injunction ruling that such rulings may be appealed as of right. *See generally* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3921.2. Nothing about the present situation justifies deviating from the scheduling order this Court entered and putting the case in a deep freeze that could delay the entry of final judgment by as much as a year.

No one knows how the Eleventh Circuit will rule on the interlocutory appeal, but it is unlikely to say anything that will significantly limit the need for discovery

before the parties proceed to summary judgment briefing. If anything, the limited record that Defendants were able to assemble in the time that was available to brief the preliminary injunction is likely to yield a narrow ruling on appeal. Indeed, Plaintiffs did not even move for a preliminary injunction on their equal protection and dormant commerce clause claims, so there is no prospect that the Eleventh Circuit will say anything that would bear upon the discovery needed to adjudicate the parties' factual disputes relevant to those claims.

It also bears emphasis that Plaintiffs are trade associations suing on behalf of some of the largest and most profitable companies in the world. The able lawyers that Plaintiffs have retained and the many white shoe law firms that have already lined up to file amicus briefs on Plaintiffs' side show that this trillion-dollar industry's trade associations are more than capable of responding to discovery requests while also litigating the appeal. They should be required to do so.

Dated: August 18, 2021                                Respectfully submitted,

/s/Blaine H. Winship                                  /s/Charles J. Cooper
Blaine H. Winship                                     Charles J. Cooper (248070DC)
Florida Bar No. 356913                                David H. Thompson (450503DC)
Chief Assistant Attorney General                      Brian W. Barnes*
Complex Litigation Bureau                             Joseph O. Masterman (Florida Bar
                                                      No. 1004179)
Daniel W. Bell                                        COOPER & KIRK, PLLC
Florida Bar No. 1008587                               1523 New Hampshire Ave., NW
Chief Deputy Solicitor General                        Washington, DC 20036
                                                      (202) 220-9600

4

Office of the Attorney General of Florida
The Capitol, Suite PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Blaine.winship@myfloridalegal.com
Daniel.bell@myfloridalegal.com

*Attorneys for Defendants Ashley Moody, in her official capacity as Attorney General of Florida; Joni Alexis Poitier, in her official capacity as Commissioner of the Florida Elections Commission; Jason Todd Allen, in his official capacity as Commissioner of the Florida Elections Commission; John Martin Hayes, in his official capacity as Commissioner of the Florida Elections Commission; and Kymberlee Curry Smith, in her official capacity as Commissioner of the Florida Elections Commission*

ccooper@cooperkirk.com
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
jmasterman@cooperkirk.com
   *Admitted *pro hac vice*

James W. Uthmeier
Florida Bar No. 113156
General Counsel
Raymond F. Treadwell
Florida Bar No. 93834
Chief Deputy General Counsel
EXECUTIVE OFFICE OF GOVERNOR RON DESANTIS
Office of the General Counsel
The Capitol, PL-05
Tallahassee, FL 32399
(850) 717-9310
James.Uthmeier@eog.myflorida.com
Ray.Treadwell@eog.myflorida.com

*Attorneys for Defendant Patrick Gillespie, in his official capacity as Deputy Secretary of Business Operations of the Florida Department of Management Services*

5