UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC, and COMPUTER &
COMMUNICATIONS INDUSTRY
ASSOCIATION

    Plaintiffs,

v.

ASHLEY BROOKE MOODY, in her
official capacity as Attorney General of
Florida, et al.,

    Defendants.
_____/

Civil Action No.
4:21-cv-00220-RH-MAF

## REQUEST FOR STATUS CONFERENCE

Plaintiffs, NetChoice, LLC and the Computer & Communications Industry Association, respectfully ask the Court to hold a status conference to decide how this litigation should proceed.

This morning, the Eleventh Circuit remanded this case to this Court "for further proceedings consistent with the Supreme Court's opinion" in *Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2409 (2024). At this time, the Court's order preliminarily enjoining the state from enforcing S.B. 7072's candidate, journalistic-enterprise, consistency, 30-day restriction, user opt-out, and detailed-explanation provisions should remain in effect. *See* Fla. Stat. §106.072(2); *id.* §§501.2041(2)(b),

(c), (d), (f) (h), (j).  The Eleventh Circuit affirmed those aspects of the preliminary injunction.  *See NetChoice, LLC v. Attorney General, Fla.*, 34 F.4th 1196 (11th Cir. 2022).  And while the Supreme Court vacated the Eleventh Circuit's judgment on the ground that it did not "properly consider the facial nature of NetChoice's challenge," *Moody*, 144 S.Ct. at 2394, it did not vacate this Court's preliminary injunction.  Instead, it remanded the case for the lower courts to determine in the first instance whether the injunction can be sustained on the current record under a proper facial analysis.  *Id.* at 2409.  Moreover, six Justices indicated that this Court and the Eleventh Circuit correctly understood that the applications of the statute that have been the focus of the litigation so far likely violate the First Amendment.  *Id.* at 2403-08.  And even though Florida asked the Eleventh Circuit to vacate the Court's preliminary injunction, the Eleventh Circuit's remand order did not do so.  Instead, it merely remanded this case to this Court for further proceedings.  Needless to say, plaintiffs believe that it would make no sense—and would inflict irreparable harm—to let provisions that have been enjoined since the beginning of this litigation, and that a majority of the Supreme Court has indicated are unconstitutional, go into effect while this Court determines how to proceed.  We believe a status conference would be an appropriate first step.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/Douglas L. Kilby* |
| **Paul D. Clement** (*appearance forthcoming*) | **Douglas L. Kilby** |
| **Erin E. Murphy** (*appearance forthcoming*) | Florida Bar No. 0073407 |
| **James Y. Xi** (*pro hac vice forthcoming*) | **Glenn Burhans, Jr.** |
| CLEMENT & MURPHY PLLC | Florida Bar No. 0605867 |
| 706 Duke Street | **Bridget Smitha** |
| Alexandria, VA 22314 | Florida Bar No. 0709581 |
| (202) 742-8900 | **Christopher R. Clark** |
| paul.clement@clementmurphy.com | Florida Bar No. 1002388 |
| erin.murphy@clementmurphy.com | **Hannah E. Murphy** |
| james.xi@clementmurphy.com | Florida Bar No. 1032759 |
|  | STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A. |
|  | Highpoint Center |
|  | 106 East College Ave, Suite 700 |
|  | Tallahassee, FL 32301 |
|  | Phone: (850) 580-7200 |
|  | dkilby@stearnsweaver.com |
|  | gburhans@stearnsweaver.com |
|  | bsmitha@stearnsweaver.com |
|  | crclark@stearnsweaver.com |
|  | hmurphy@stearnsweaver.com |

*Counsel for NetChoice and CCIA*

## CERTIFICATE OF SERVICE

Counsel certifies that the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 16th day of August, 2024.

*/s/Douglas L. Kilby*

#13005965 v1