IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NETCHOICE, LLC, et al.,

    Plaintiffs,

v.                                  Case No. 4:21-cv-220-RH/MAF

ASHLEY MOODY, in her official
capacity as Attorney General of the
State of Florida, et al.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE**

On August 16, 2024, before the Eleventh Circuit's mandate was docketed in this Court and without conferring with Defendants, Plaintiffs moved for a status conference. DE148. Had Plaintiffs conferred, Defendants would have told them that Defendants agree that holding a status conference is an appropriate next step, since it will afford the Court and the parties an opportunity to discuss a case-management plan that allows the parties to present their arguments, conduct discovery, and engage in motions practice in an orderly manner.

Plaintiffs use their motion for a status conference to make arguments about the Supreme Court's decision and the Eleventh Circuit's order. The impact of the decision and order on this case is better left to adversarial briefing, rather than

inserted into a "request" for a status conference. DE148 at 1. But it is worth pointing out, even at this preliminary stage, that Plaintiffs' motion contains inaccurate statements about both.

In the motion, Plaintiffs state that Defendants "asked the Eleventh Circuit to vacate" the preliminary injunction and that the Eleventh Circuit declined to do so. DE148 at 2. That is not true. After the Supreme Court's decision, Plaintiffs moved for lengthy supplemental briefing in the Eleventh Circuit, and Defendants responded that the Eleventh Circuit should deny the motion and instead should summarily remand to this Court, which is exactly what the Eleventh Circuit did. DE149; Resp. to Mot. for Supp. Br. at 7, *Moody v. NetChoice*, No. 21-12355 (11th Cir. Aug. 12, 2024) ("For these reasons, this Court should deny NetChoice's motion and remand to the district court for further proceedings consistent with the Supreme Court's decision."). Plaintiffs are dead wrong to spin that rebuke of their position as expressing any view, implicit or explicit, on whether the preliminary injunction should be vacated.

Plaintiffs also assert in their motion that the Supreme Court "remanded the case for the lower courts to determine in the first instance whether the injunction can be sustained on the current record under a proper facial analysis." DE148 at 2. But the Supreme Court concluded that even for purposes of a preliminary injunction, the current record is "underdeveloped" and "incomplete even as to the major social-

media platforms' main feeds." *Moody v. NetChoice*, 144 S. Ct. 2383, 2399, 2403 (2024).

Last, Plaintiffs represent that "six Justices indicated that this Court and the Eleventh Circuit correctly understood that the applications of the statute that have been the focus of the litigation so far likely violate the First Amendment." DE148 at 2 (citing *Moody*, 144 S. Ct. at 2403–08 (Parts III-B and C. of the decision)). It is unclear what "applications" Plaintiffs refer to, but even putting that aside, only five Justices signed on to the part of the decision that the Plaintiffs cite, *Moody*, 144 S. Ct. at 2388 (Justice Jackson did not sign Parts III-B. and C.); and one of the five Justices (Justice Barrett) wrote separately, explaining the many "complexities" of Plaintiffs' facial challenge—including that "[e]ven for . . . prototypical social-media feed[s]" the First Amendment analysis will differ. *Id.* at 2410 (Barrett, J., concurring).

Dated: August 19, 2024

CHARLES J. COOPER
DAVID H. THOMPSON
BRIAN W. BARNES
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036

Respectfully submitted,

ASHLEY MOODY
  *Attorney General of Florida*

*/s/ Henry C. Whitaker*
HENRY C. WHITAKER
  *Solicitor General*
DANIEL W. BELL
  *Chief Deputy Solicitor General*
KEVIN A. GOLEMBIEWSKI
  *Deputy Solicitor General*
DARRICK W. MONSON
  *Assistant Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of August, 2024, a copy of the foregoing was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

/s/ *Kevin A. Golembiewski*
Counsel for Defendants
