# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

NETCHOICE, LLC et al.,

 Plaintiffs,

v.          CASE NO. 4:21cv220-RH-MAF

ASHLEY BROOKE MOODY et al.,

 Defendants.

_____/

## SCHEDULING ORDER

This case presents a challenge to Florida statutes regulating social-media providers. The attorneys conferred under Federal Rule of Civil Procedure 26(f) and submitted a report that in turn led to a scheduling order. The case was stayed pending appeal of a preliminary injunction. The case is back in this court, but the previously established deadlines and trial date have long passed. The stay set things back just over three years.

This order sets a schedule that roughly corresponds to the original schedule, just with a later start date. Circumstances have changed, so the schedule may need to be adjusted. The order requires the attorneys to confer again and to submit a new

26(f) report. A scheduling conference will be conducted, as both sides have requested, and any necessary changes will be addressed at that time.

IT IS ORDERED:

1. The attorneys must confer again on the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). The deadline for the conference is September 10, 2024. Discovery may begin after the attorney conference.

2. The deadline to file a new Rule 26(f) report is September 17, 2024. The report must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), as well as the schedule for addressing preliminary-injunction issues. The report may address any other scheduling or case-management issues, including those set out in Rules 16(b)(3)(B) and 16(c)(2).

3. Unless a change is agreed to by all parties and set out in the Rule 26(f) report, or a change is ordered by the court, these are the deadlines for Rule 26 disclosures:

    (1) for 26(a)(1) disclosures, 14 days after the new 26(f) attorney conference;

    (2) for 26(a)(2) disclosures, the deadlines set out in Rule 26(a)(2)(D);

    (3) for 26(a)(3) disclosures, the deadline set in an order for pretrial conference to be entered later or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

    4. Absent good cause set out in the 26(f) report, the discovery deadline will be March 10, 2025, and the trial will occur during the two-week period that begins on June 16, 2025. These dates will be moved *earlier* if all parties so request. The parties should not request a *delay* of these dates except for good cause. A conflict with the trial date is ordinarily good cause. That an attorney will be busy on other matters between now and then ordinarily is not good cause.

    5. By separate notice, the clerk must set a status conference for September 25, 2024, at 10:00 a.m.

    SO ORDERED on August 21, 2024.

                                          s/Robert L. Hinkle
                                          United States District Judge