IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
Case 4:21-cv-00220-RH-MAF

NETCHOICE, LLC d/b/a NETCHOICE,
a 501(c)(6) District of Columbia
organization; et. al,

v.

ASHLEY BROOKE MOODY, in her
official capacity as Attorney General of
the State of Florida, et. al.
_____/

## ERWIN ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION

The U.S. Supreme Court has sent this case back for a determination of the facial unconstitutionality of a law in accordance with its opinion. See Moody v. Netchoice LLC, 144 S.Ct. 2383, 2399 (2024)("Neither the Eleventh Circuit nor the Fifth Circuit performed the facial analysis in the way just described."). This Court must consider the following: "First, the First Amendment offers protection when an entity engaging in expressive activity, including compiling and curating others' speech, is directed to accommodate messages it would prefer to exclude.." Moody v. Netchoice LLC, 144 S.Ct. at 2401.  "Second, none of that changes just because a compiler includes most items and excludes just a few. . . . Third, the government cannot get its way just by asserting an interest in improving, or better balancing, the marketplace of ideas." Moody v. Netchoice LLC, 144 S.Ct. at 2402.

1



FILED USDC FLND GV
SEP 4 '24 PM12:39

Rosenberg's proposed intervenor complaint presents similar issues. Judicial efficiency and the interests of the public suggest that this Court should grant Rosenberg's motion for permissive intervention. See proposed intervenor complaint.

Like with Plaintiffs, the First Amendment offers protection when a lawyer litigating, compiling and curating other's speech into an expressive product of his own, is directed to accommodate messages it would prefer to exclude by threatening the lawyer that his intentions will be subjected to a "bad faith" test. None of that changes just because the lawyer litigating includes most items that the government wishes to be included and excludes just a few. It is enough for the compiler to exclude the handful of messages it most disfavors. So if a judge wants a lawyer to provide a full description of what is being produced in discovery and to produce everything that the opposing party requested, then it does not make a difference that the litigating lawyer produced most things requested but renewed its objection and excluded a handful of material he most disfavors,

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see *Automobile Workers*, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " *Cameron v. EMW Women's Surgical Center, PSC*, 142 S. Ct. 1002, 1011-1012 (2022).

Wherefore Erwin Rosenberg moves for permissive intervention.

PROPOSED INTERVENOR COMPLAINT

2

COUNT 1: ERWIN ROSENBERG'S CLAIM AGAINST ASHLEY MOODY IN HER OFFICIAL CAPACITY PURSUANT TO *EX PARTE YOUNG* FOR A DECLARATION AFFECTING PROSPECTIVE INJUNCTIVE RELIEF THAT THE FIRST AMENDMENT OF THE U.S. CONSTITUTION PER THE FOURTEENTH AMENDMENT PROHIBITS (1) THREATENING A LAWYER TO DISCIPLINE HIM FOR "BAD FAITH" IN HIS LITIGATION AND/OR (2) TO REQUIRE HIM TO NOTIFY OTHERS OF A DISCIPLINE AND/OR (3) TO SUSPEND AND/OR DISBAR HIM AND/OR (4) TO ENTER A PREFILING RESTRICTION THAT HIS FILINGS MAY ONLY BE DONE VIA A MEMBER IN GOOD STANDING OF A BAR

1. This Court has jurisdiction over claims involving federal law.

2. Erwin Rosenberg in the context of representing the Defendants in a civil proceeding was faced with then trial judge Jonathan D. Gerber's accusation that Rosenberg may have violated a legal requirement under Moakley v. Smallwood, 826 So. 2d 221 (Fla. 2002) that even a lawyer may be monetarily sanctioned for "bad faith". Judge Gerber ordered a hearing to decide whether Rosenberg or his clients were responsible. Rosenberg was called as an adverse witness by the Plaintiffs' counsel. Judge Gerber stated that Rosenberg in bad faith had renewed an objection after an order to compel discovery and that Rosenberg's review and production of discovery was inadequate. Judge Gerber ordered Rosenberg to pay over $20,000 in attorneys fees and costs to Maged Gaballa and Amani Gaballa. The appeals court affirmed on the basis that there was no transcript nor an adequate record to review. See Rosenberg v. Gaballa, 1 So. 3d 1149 (4th DCA 2009). Maged Gaballa, supported by his wife Amani, complained about Rosenberg to The Florida Bar seeking payment of the monetary sanctions order. The Florida Bar accused Rosenberg of violating the Bar Code. The Supreme Court of Florida suspended Rosenberg from the practice of law and ordered him to notify persons

3

of the discipline per Florida Bar Rule 3-5.1(h). See The Florida Bar v. Rosenberg, 169 So. 3d 1155 (Fla. 2015). On April 15, 2016 in case No. SC15-2237 the Supreme Court of Florida disbarred Rosenberg for not responding to an order to show cause (which alleged unlicensed practice of law and non-compliance with the Bar Rule 3-5.1(h). On September 25, 2017 in case No. SC17-1108 the Supreme Court of Florida permanently disbarred Rosenberg for failure to respond to an order to show cause which alleged unlicensed practice of law and non-compliance with the Bar Rule 3-5.1(h). On January 13, 2021 in that case the Supreme Court of Florida ordered "the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, letters, documents, or other filings submitted by Respondent, unless such filings are signed solely by a member of The Florida Bar in good standing.".

3.      Ms. Moody, as Attorney General of Florida, has enforcement authority over the unlicensed practice of law.

4.      If this Court declares that there was a violation of the First Amendment then Erwin Rosenberg will have a better opportunity to get readmitted as a lawyer in good standing with The Florida Bar.

5.      Ex Parte Young gives this Court jurisdiction to make a declaration that may provide prospective redress to Erwin Rosenberg.

6.      This Court has jurisdiction to declare unconstitutional the State laws that were authoritatively interpreted to sanction Erwin Rosenberg. See Reed v. Goertz, 143 S. Ct. 955, 960-961 (2023):

6.   Since Erwin Rosenberg was once admitted to the Florida courts as a lawyer he had and has s a right to enage in the First Amendment right to practice law in Florida. Hackin v. State, 102 Ariz. 218, 220, 427 P.2d 910 (1967), *appeal dismissed for want of a substantial federal question*, 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967) ("Defendant next contends that his right to freedom of speech under the First Amendment of the United States Constitution was violated by reason of his conviction in the present cause. This contention is without merit. The practice of law is above that of a mere privilege. It cannot be treated as a matter of grace or favor. But it may be granted only upon fulfillment of certain rigid qualifications established by this court.").

7.   Wherefore Erwin Rosenberg sues Ashley Moody for a declaration that that the State laws that were authoritatively interpreted to sanction Erwin Rosenberg, the law that allows a court to threaten a litigating lawyer with sanctions for "bad faith" litigation, the compelled notification requirement, the suspension and/or disbarment and the prefiling restriction to only file via a member in good standing of the Bar, all violate the First Amendment.

CERTIFICATE OF COMPLIANCE

I hereby certify I complied with Local Rule 7.1B by attempting in good faith to resolve the issue through a meaningful conference with attorneys for the adverse parties.

CERTIFICATE OF SERVICE

I hereby certify I mailed this document to the Clerk on August 26, 2024 and it will be

served per Local Rule 5.4(F) via CM/EWCF filing.

Respectfully Submitted,

/s// Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1000 West Island Blvd. #1011
Aventura, FL. 33160

MIAMI FL 330
26 AUG 2024 PM 6 L


U.S. POSTAGE IMI
$1.01
33181
Date of sale
08/26/24
02    8WSSK
2000392395

UNITED STATES COURTHOUSE
401 SE FIRST AVE.
GAINESVILLE, FLORIDA 32601

32601-580699