IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
Case 4:21-cv-00220-RH-MAF

NETCHOICE, LLC d/b/a NETCHOICE,
a 501(c)(6) District of Columbia
organization; et. al,

v.

ASHLEY BROOKE MOODY, in her
official capacity as Attorney General of
the State of Florida, et. al.
_____/

### ERWIN ROSENBERG'S MOTION TO ALTER OR AMEND PER RULE 59(e) THE SEPTEMBER 5, 2024 ORDER DENYING MOTION FOR PERMISSIVE INTERVENTION

Erwin Rosenberg filed a motion for permissive intervention on September 4, 2024. See ECF 161. No opposition had been filed. In violation of the intent of the Local Rule 7.1(E) the court did not await for the time to file an opposition to complete. See Local Rule 7.1(E)("Supporting and Opposing Memoranda Required; Deadline. A party who files a written motion must file a supporting memorandum in the same document with, or at the same time as, the motion. **A party who opposes the motion must file a memorandum in opposition.** ")(emphasis added).

The U.S. Supreme Court has implicitly stated that an order denying a motion for permissive intervention should indicate the legal basis for the ruling so that the public and/or a reviewing court can determine whether the court exercised its discretion soundly or not (such as when it is based on an erroneous view of the law). See Cameron v. EMW

1



Women's Surgical Center, PSC, 142 S.Ct. 1002, 1011-1012 (2022):

> "Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see *Automobile Workers*, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). **But a court fails to exercise its discretion soundly when it "base[s] its ruling on an erroneous view of the law,"** *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and that is what happened here.' (emphasis added).

Local Rule 7.1(E)'s requirement that parties opposing a motion file a memorandum in opposition serves the purpose of ensuring that the district court exercise its discretion in a non-arbitrary manner. "Permissive intervention under Fed.R.Civ.Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia v. US Army Corps of Engineers*, 302 F. 3d 1242, 1250 (11th Cir. 2002).

Since the motion shows that Rosenberg and the main action have a common question of law and there is no showing of undue prejudice or delay, permissive intervention is appropriate. Since the court did not allow the time for any opposition memorandum to be filed and the court denied the motion on the day after its filing without stating any

reasoning, presumably this court failed to exercise its discretion soundly when it denied Rosenberg's motion

Wherefore Erwin Rosenberg moves to alter or amend pursuant to Rule 59e the September 5, 2024 order denying his motion for permissive intervention.

CERTIFICATE OF GOOD FAITH CONFERENCE PER LOCAL RULE 7.1(b).

I hereby certify I attempted to confer with opposint parties per Rule 7.1(B).

CERTIFICATE OF SERVICE

I hereby certify I mailed this document to the Clerk on September 11, 2024 and it will be served per Local Rule 5.4(F) via CM/ECF filing.

Respectfully Submitted,

/s// Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1000 W. Island Blvd. #1011
Aventura, FL. 33160

MIAMI FL 330
12 SEP 2024  PM 6



U.S. District Courthouse
401 SE CHECKERED REST AVENUE
GAINESVILLE, FLORIDA 32601

32601-689568