IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC et al.,

    Plaintiffs,

v.                                                                      CASE NO.  4:21-cv-220-RH-MAF

ASHLEY BROOKE MOODY et al.,

    Defendants.
_____/

**JOINT REPORT OF RULE 26(F) CONFERENCE**

The parties held a Rule 26(f) conference via Zoom on September 9, 2024. In accordance with Rule 26(f) and Local Rule 16.1, and the Court's Scheduling Order dated August 21, 2024 (Dkt. 157) (the "Scheduling Order"), the parties to this action jointly submit the following report:

I. **Nature of the Case**

In May 2021, Plaintiffs brought this lawsuit challenging Florida Senate Bill 7072 ("the Act"). Plaintiffs allege that the law violates the First Amendment, the Due Process Clause, the Commerce Clause, and the Equal Protection Clause, and that it is preempted by federal law (47 U.S.C. § 230). Shortly before the Act was scheduled to go in effect on July 1, 2021, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendants from enforcing certain provisions

1

of the Act "until otherwise ordered." Dkt. 113. Defendants appealed. After Defendants answered the Complaint and the parties submitted an initial Rule 26(f) report and exchanged initial disclosures, this Court stayed the case pending appeal. *See* Dkts. 118 (Answer), 120 & 121 (Initial Disclosures), 122 (Initial Rule 26(f) Report), 129 (Stay Order).

The Eleventh Circuit affirmed the preliminary injunction in part and vacated it in part. The Court of Appeals held that it was substantially likely that seven of the Act's provisions violated the First Amendment, while vacating the injunction as to the five other challenged provisions. *NetChoice, LLC v. Attorney General, Florida*, 34 F.4th 1196, 1223-32 (11th Cir. 2022).

Defendants sought review in the Supreme Court, which granted certiorari. On July 1, 2024, the Supreme Court vacated and remanded the Eleventh Circuit's decision—along with a conflicting decision from the Fifth Circuit involving a similar Texas law—on the ground that neither court had conducted a proper facial analysis of the First Amendment challenges to the respective laws. *Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2396 (2024). "To make that judgment," the Court explained, "a court must determine a law's full set of applications, evaluate which are constitutional and which are not, and compare the one to the other." *Id.*

The Eleventh Circuit subsequently remanded the case to this Court for further proceedings in accordance with the Supreme Court's decision. On August 21, 2024,

2

this Court issued the Scheduling Order requiring the parties to hold a Rule 26 conference by September 10, 2024, and set a discovery deadline of March 10, 2025, and a two-week trial start date of June 16, 2025.

## II. Motions Practice

Defendants intend to move for judgment on the pleadings and to vacate the preliminary injunction. Defendants propose that they file both motions no later than 21 days after Plaintiffs' deadline to amend their complaint,[1] *see infra* at 7, while Plaintiffs propose that the motion to vacate the injunction be filed 14 days after the status conference (and take no position on when Plaintiffs should file a motion for judgment on the pleadings). Under the Court's default schedule, Plaintiffs' response would be due 14 days after Defendants' motions, *see* N.D. Fla. R. 7-1(E). The parties may seek to revise the response time depending on the content of Defendants' motions.

### Plaintiffs' Position

The Supreme Court explained that a proper facial analysis must begin with "determin[ing] a law's full set of applications." *Moody*, 144 S.Ct. at 2396. A threshold resolution of any disputes about the scope of the Act is therefore a necessary first step that will help ensure the efficient progress of this litigation.

---

[1] If Plaintiffs amend their complaint, Defendants may file a motion to dismiss rather than a motion for judgment on the pleadings.

3

Resolving any legal disputes about issues such as whether the Act's operative provisions apply to (among other things) direct messaging services, email services, online marketplaces, and payment services up front will allow the parties to focus their discovery efforts on relevant factual disputes and keep this case manageable for both the parties and the Court. For example, if the Court ultimately decides (or the parties agree, consistent with Defendants' suggestions before this Court and the Eleventh Circuit) that the Act does not cover direct messaging services or payment services, it would not make sense for the parties to engage in discovery and argument about those services. As discussed below, arriving at a shared understanding of the scope of the Act will also inform whether and to what extent Plaintiffs may amend the operative complaint, and will help guide briefing on summary judgment and trial preparation.

Given that Defendants intend to move to vacate the preliminary injunction and for judgment on the pleadings, Plaintiffs believe that those motions should be used to resolve any disputes about the scope and application of the Act. And for those reasons, as further discussed below, Plaintiffs' proposed schedule for amending the complaint is keyed in part off this Court's anticipated ruling on Defendants' proposed motions.

**Defendants' Position**

Defendants agree that to resolve Plaintiffs' facial challenges to S.B. 7072's various provisions, this Court will have to examine the scope and application of the Act, mindful that in the context of a pre-enforcement facial challenge "[t]he State has had no opportunity to implement the law," and "its courts have had no occasion to construe the law in the context of actual disputes . . . , or to accord the law a limiting construction to avoid constitutional questions." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). This Court should exercise "judicial restraint in a facial challenge," which frees it from "premature interpretations of statutes in areas where their constitutional application might be cloudy." *Id.* (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)). So the need to interpret the law is not a reason to further delay discovery or any other deadlines in this case. Having brought facial, pre-enforcement challenges, Plaintiffs have the burden to establish the scope and application of the Act and that the applications violate federal law. Through Defendants' motion for judgment on the pleadings and motion to vacate the preliminary injunction, the parties will continue to litigate the scope and application of the Act, and in the meantime, Defendants have a right to defend the Act through standard motions practice, to conduct discovery on the allegations in Plaintiffs' complaint, and to prepare for summary judgment and trial.

### III. Pleadings

**Plaintiffs' Position**

Plaintiffs are likely to file an amended complaint, including to take into account the post-enactment amendment to the Act, but believe that the amendment process will be more efficient if it is informed by initial rulings from the Court reflecting the scope and potential application of the Act, given that there may still be differences between the parties about how to interpret the Act and what kinds of platforms and functions it applies to. For example, that ruling will likely affect how Plaintiffs frame their First Amendment challenges in any amended complaint, including the potential as-applied claims. Setting the deadline for Plaintiffs' amendment after the Court issues such a ruling thus will avoid the need for multiple amendments. That is all the more so if, as Defendants have now indicated, they wish to file a motion for judgment on the pleadings challenging the existing Complaint. And there is no need for an amendment before Defendants file their anticipated motion to vacate the preliminary injunction, which by its nature is focused on the existing PI based on the existing pleadings. Accordingly, Plaintiffs ask the Court to set a deadline for amending the Complaint within 30 days following a ruling on Defendants' anticipated motion to vacate the PI or any motion for judgment on the present pleadings, whichever is later.

**Defendants' Position**

Since Plaintiffs filed their complaint in May 2021, there have been significant developments in this case. Along with the Supreme Court's decision, Florida amended the law that Plaintiffs challenge. *See* Fla. Laws ch. 2022-267. Given those developments, Plaintiffs state that they will likely amend their complaint. The Court should set a deadline of October 15, 2024 for Plaintiffs to amend so that Defendants and the Court know which claims Plaintiffs intend to press before the parties submit briefing on the preliminary injunction and spend substantial resources on discovery. Under Plaintiffs' proposal that this Court set a deadline that is not until 30 days after a new preliminary-injunction ruling, the parties would spend the next several months litigating claims that Plaintiffs intend to revise. That would prejudice Defendants and waste judicial resources. For example, if this Court were to dissolve the preliminary injunction, Plaintiffs could then amend their complaint and again move for a preliminary injunction. That would give them two bites at the apple and force Defendants to undergo a third round of preliminary-injunction litigation in this case.

By contrast, Plaintiffs would suffer no prejudice from an October 15, 2024 deadline. It would afford them reasonable time to prepare an amended complaint—by then, this case will have been back in this Court for 60 days. *See* DE149; *cf.* DE123 at 2 (setting an August 6, 2021 deadline for amendment, which was shortly after the parties filed their Rule 26(f) report).

7

## IV.   Possibility of Settlement

The parties have not yet had any settlement discussions, but such discussions may be more productive following the Court's decision on Defendants' motions.

## V.   Proposed Timetables and Cutoff Dates

The Court's August 21, 2024 Scheduling Order proposed the following deadlines:

- September 23, 2024 - Rule 26(a)(1) disclosures due
- March 10, 2025 - Close of fact discovery
- March 18, 2025 - Opening expert disclosures due [90 days before trial]
- April 17, 2025 - Rebuttal expert disclosures due [30 days after opening disclosures]
- June 16 to June 27, 2025 - Trial

Dkt. 157. Plaintiffs currently are able to adhere to these deadlines, while Defendants believe that extra time for discovery is needed given the breadth of Plaintiffs' claims, which will require Defendants to engage in third-party discovery of internet platforms in other jurisdictions. But rather than resolve that dispute now, the parties have agreed to confer about the case schedule after the Court rules on Defendants' anticipated motion for judgment on the pleadings and motion to vacate the preliminary injunction, as those rulings, and any rulings this Court may make on the scope of the Act's application in the process, may inform the scope of discovery.

The parties have also agreed that the final date for filing dispositive motions should be 30 days after the close of fact discovery.

## VI. Initial Disclosures

The parties made initial disclosures on August 2, 2021. Dkts. 120, 121. Updated initial disclosures and Rule 26(a)(2) and Rule 26(a)(3) disclosures will be made in compliance with the Scheduling Order. At this time, the parties do not believe any changes are necessary as to timing, form, or the requirements for disclosures.

## VII. Discovery Plan

Plaintiffs submit that any discovery plan should account for the Court's resolution of the parties' legal disputes over the scope and application of the Act since that could have a significant impact on which platforms and services this case implicates. Plaintiffs believe that resolving those disputes at the threshold would be more efficient than resolving them through seriatim motions practice concerning particular platforms or services in isolation. In Defendants' view, discovery can proceed without a preliminary ruling on the scope and application of the Act. If Plaintiffs believe that a discovery request seeks information that is beyond the scope of the Act, they can object to the request and the parties can attempt to resolve the dispute, no different than in any other case involving a challenge to a state law.

Plaintiffs propose that the parties meet and confer within seven days of the Court's ruling on Defendants' anticipated motion to vacate the preliminary injunction, so that they can more productively discuss the schedule and scope of discovery. Defendants have no objection to meeting at that time to further discuss the schedule and scope of discovery, but discovery should at this time proceed according to this Court's Scheduling Order and the Federal Rules of Civil Procedure. During the September 9 meet and confer, Defendants indicated that they plan to start taking discovery immediately; Plaintiffs reserve all their rights with respect to such discovery requests. There are currently no identified discovery disputes.

A.   *Preservation*

The parties agree to continue taking reasonable measures to preserve potentially discoverable information and/or documents, including Electronically Stored Information (ESI), that is relevant to this litigation from alteration or destruction in the ordinary course of business. At this point, the parties do not foresee issues concerning the preservation of discoverable information.

B.   *Disclosure of Electronic or Computer-Based Media*

The parties agree that, subject to the parties' positions concerning discovery in general, the parties may request production of electronic or computer-based media ESI. Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party in the ordinary course of business. The term "ESI"

shall include, but is not limited to: email, word processing documents, spreadsheets, presentation documents, images, audio, video, and audiovisual recordings, databases, computer systems (hardware and software), servers, archives, backup for disaster recovery systems, tapes, discs, drives, cartridges, and other storage media, handheld wireless devices, mobile telephones, and paging devices.

*Identification and Production of Discoverable ESI*:  The parties shall review all ESI that has been identified as containing relevant discoverable information for responsiveness and privilege. In accordance with the guidelines described here, the parties shall produce ESI that is responsive and not privileged or otherwise protected. The producing party shall list on a privilege log any responsive ESI to which it claims a privilege or other protection.

*Scope and Cost Required*:  Given the threshold legal questions about the scope and application of the Act, the parties are unable to fully assess the cost and time required for disclosure or production of ESI at this point in the litigation. The parties will meet and confer about this and other discovery issues once there is more guidance on those threshold legal issues.

*Form of Production of ESI*:  ESI shall, to the extent possible, be produced in an accessible standard format and on standard media (e.g., hard drive, thumb drive, or CD-ROM) or via email, an online server, or an online file transfer system. As a general matter, ESI should be produced in its native format. If any ESI is not

readable, the producing party may elect to produce such information in hard copy format. Any ESI produced must include sufficient information to identify the author, sender, and recipient of the document as well as the date of its creation, revision, and/or transmission, if reasonably available.

C.  *Protective Order*

Discoverable materials in this case, if any, may include commercially and/or personally sensitive information, including from third parties, and information prohibited by law from disclosure to third parties. Plaintiffs propose drafting and filing a proposed Protective Order to govern any materials that may be produced in discovery in this case.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive resolution of this action.

                                      Respectfully submitted,

| | |
|---|---|
| | /s/ *Douglas L. Kilby* |
| Brian Wesley Barnes | Douglas L. Kilby |
| Charles Justin Cooper | Florida Bar No. 0073407 |
| Joseph Masterman | Glenn Burhans, Jr. |
| David Henry Thompson | Florida Bar No. 0605867 |
| COOPER & KIRK PLLC | Bridget Smitha |
| 1523 New Hampshire Ave NW | Florida Bar No. 0709581 |
| Washington, DC 20036 | Christopher R. Clark |
| (202) 220-9600 | Florida Bar No. 1002388 |
| bbarnes@cooperkirk.com | Hannah E. Murphy |
| ccooper@cooperkirk.com | Florida Bar No. 1032759 |

jmasterman@cooperkirk.com
dthompson@cooperkirk.com

Glen Allen Bassett
William Henry Stafford, III
Henry Charles Whitaker
Blaine H. Winship
ATTORNEY GENERAL
STATE OF FLORIDA
PL-01 The Capitol
400 S. Monroe Street
Tallahassee, FL 32399
(850) 414-3717
glenbassett@myfloridalegal.com
william.stafford@myfloridalegal.com
henry.whitaker@myfloridalegal.com
blaine.winship@myfloridalegal.com

James William Uthmeier
EXECUTIVE OFFICE OF THE
GOVERNOR OF FLORIDA
OFFICE OF GENERAL COUNSEL
400 S. Monroe Street, Suite 209
Tallahassee, FL 32399
(850) 225-5299
james.uthmeier@eog.myflorida.com

Daniel William Bell
FLORIDA ATTORNEY GENERALS
OFFICE
PL-01 The Capitol
Tallahassee, FL 32399
(786) 473-2923
daniel.bell@myfloridalegal.com

Kevin A. Golembiewski
OFFICE OF THE ATTORNEY
GENERAL
3507 Frontage Rd, Suite 200
Tampa, FL 33607

STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Phone: (850) 580-7200
dkilby@stearnsweaver.com
gburhans@stearnsweaver.com
bsmitha@stearnsweaver.com
crclark@stearnsweaver.com
hmurphy@stearnsweaver.com

Paul D. Clement
Erin E. Murphy
James Y. Xi (*pro hac vice*)
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com

Lauren Gallo White
WILSON SONSINI GOODRICH ETC
One Market Plaza
Spear Tower Suite 3300
San Francisco, CA 94105-1126
(414) 947-2000
lwhite@wsgr.com

Brian M. Willen
WILSON SONSINI GOODRICH ETC
1301 Avenue of the Americas, 40th flr
New York, NY 10019-6022
(212) 999-5800
bwillen@wsgr.com

Steffen N. Johnson
WILSON SONSINI GOODRICH ETC

| | |
|---|---|
| (813) 287-7900<br>kevin.golembiewski@myfloridalegal.com | 1700 K Street NW, Fifth Floor<br>Washington, DC 20006-3814<br>(202) 973-8888 |
| Darrick William Monson<br>Attorney General's Office<br>Office of the Solicitor General<br>107 W. Gaines Street<br>Tallahassee, FL 32399<br>(850) 414-3683<br>darrick.monson@myfloridalegal.com | sjohnson@wsgr.com<br><br>*Counsel for Plaintiffs* |

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 17th day of September, 2024.

*s/Douglas L. Kilby*
Douglas L. Kilby

#13088834 v2