IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC, et al.,

    Plaintiffs,

v.

Case No. 4:21-cv-220-RH/MAF

ASHLEY MOODY, in her official
capacity as Attorney General of the
State of Florida, et al.,

    Defendants.

_____/

**DEFENDANTS' UNOPPOSED MOTION TO PARTIALLY VACATE
THE PRELIMINARY INJUNCTION**

Defendants move to partially vacate the preliminary injunction that this Court entered on June 30, 2021. DE113; Fed. R. Civ. P. 60(b). They request vacatur of the injunction as to (1) statutory provisions that Plaintiffs are no longer challenging (Florida Statutes §§ 106.072(4) and 501.2041(2)(i)); (2) provisions that the Eleventh Circuit held are likely constitutional (Florida Statutes § 501.2041(2)(a), (e), and the inform-each-user clause of (c)); (3) a party that Plaintiffs are no longer suing (the Florida Department of Management Services); and (4) entities that Plaintiffs no longer seek relief for (internet platforms that are not their members). The injunction should no longer bar the Attorney General of Florida and the Florida Elections Commission from enforcing those provisions; it should no longer apply to the

Department of Management Services; and it should no longer bar the Attorney General or the Elections Commission from enforcing any challenged provisions against entities that are not among Plaintiffs' members.

1. Plaintiffs filed their initial complaint on May 27, 2021. DE1. They challenged Florida Statutes "§§ 106.072, 287.137 and 501.2041(2)(a)-(j)." DE1 ¶ 75.

2. On June 30, 2021, this Court universally enjoined the Attorney General, the Elections Commission, and the Department of Management Services from "enforc[ing] Florida Statutes §§ 106.072 or 501.2041." DE113 at 30.

3. On appeal, the Eleventh Circuit affirmed in part and vacated in part. *See NetChoice, LLC v. Att'y Gen.*, 34 F.4th 1196, 1231 (11th Cir. 2022). It vacated the injunction as to the "disclosure provisions" in Florida Statutes "§§ 106.072(4)" and "501.2041(2)(a), (c), (e)," and the "user-data-access provision" in Section 501.2041(2)(i), concluding that those provisions are likely constitutional. *Id.* at 1231–32 & n.26.

4. The Supreme Court "vacate[d]" the Eleventh Circuit's "decision[] for reasons separate from the First Amendment merits, because" the decision did not "properly consider[] the facial nature of [Plaintiffs'] challenge." *Moody v. NetChoice, LLC*, 603 U.S. 707, 717 (2024).

5. After the Supreme Court issued its mandate, the Eleventh Circuit summarily remanded to this Court without vacating the injunction, as Defendants had requested. DE149; *see also* DE154 at 2.

6. On remand, Plaintiffs amended their complaint. DE171. They now sue only the Attorney General and the Elections Commission. DE171 at 1. They challenge only "Fla. Stat. § 106.072(2) and §§ 501.2041(2)(a), (b), (c), (d), (e), (f), (g), (h), (j), and (3)." DE171 at 69 n.6. And they seek injunctive relief preventing enforcement only "against online services operated by NetChoice and CCIA members who are covered by the Act." DE171 ¶ 131.

7. Consequently, the Department of Management Services is no longer a defendant; Sections 106.072(4) and 501.2041(2)(a), (c), (e), and (i) are no longer being challenged, are likely constitutional according to the Eleventh Circuit, or both; and Plaintiffs do not seek the universal relief that the Court's injunction currently provides. They seek only an injunction barring enforcement against their "members who are covered by the Act." DE171 ¶ 131.

8. Defendants believe there is ample basis to vacate the preliminary injunction in its entirety. Plaintiffs' initial complaint—on which the injunction is based—has now been superseded, and the Supreme Court concluded that the record underlying the injunction is insufficient to justify the relief granted. *See Moody*, 603 U.S. at 726.

3

9. But Defendants do not at this time seek to vacate the preliminary injunction in its entirety. Instead of taxing the parties and the Court's resources with another round of preliminary-injunction litigation, Defendants seek to vacate the preliminary injunction only as to Sections 106.072(4) and 501.2041(2)(a), (e), (i) and the inform-each-user clause of (c); as to the Department of Management Services; and as to entities that are not members of either plaintiff.

10. The injunction must be narrowed in those ways. Claims challenging Sections 106.072(4) and 501.2041(2)(i), claims against the Department, and any request for universal relief beyond Plaintiffs' current members are moot because Plaintiffs are no longer pressing them. *See Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290 (11th Cir. 2022) (dismissing appeal of a preliminary-injunction order as moot because the party was "entitled . . . to no more than its requested . . . relief"). And the Eleventh Circuit has held that Plaintiffs have not shown a likelihood of success on the merits as to claims challenging Section 501.2041(2)(a), (e), and (c)'s inform-each-user clause. *See NetChoice*, 34 F.4th at 1231–32.

11. Plaintiffs do not oppose the relief requested in this motion on the understanding that modifying the preliminary injunction is without prejudice to Plaintiffs seeking a permanent injunction covering all provisions of the statute challenged in their amended complicated amended complaint.

Defendants respectfully request that this Court vacate the preliminary injunction in part so that it no longer enjoins enforcement of Florida Statutes §§ 106.072(4) and 501.2041(2)(a), (e), (i), and the inform-each-user clause of (c); no longer applies to the Florida Department of Management Services; and no longer prevents enforcement of any provision against entities that are not members of the plaintiff trade associations. *See* Fed. R. Civ. P. 60(b).

## **MEMORANDUM OF LAW**

Courts "must remain open to a showing or demonstration by either party that [an] injunction should be altered to ensure that the rights and interests of the parties are given all due and necessary protection." *Brown v. Plata*, 563 U.S. 493, 543 (2011). "A continuing decree of injunction . . . is subject always to adaptation as events" occur. *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (quotation omitted).

Here, two events—Plaintiffs' amended complaint and the preliminary-injunction appeal—require the relief that Defendants seek. First, Plaintiffs' amended complaint does not challenge Sections 106.072(4) or 501.2041(2)(i), sue the Department of Management Services, or request universal relief beyond Plaintiffs' current members, so any such claims are moot. *See Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290 (11th Cir. 2022) (dismissing appeal of a preliminary-injunction order as moot because the party was "entitled . . . to no more than its requested . . . relief"). Second, the Eleventh Circuit held that Plaintiffs have not shown a likelihood of success on the merits as to Section 501.2041(2)(a), (e), and (c)'s inform-each-user clause. *See NetChoice, LLC v. Att'y Gen.*, 34 F.4th 1196, 1231–32 (11th Cir. 2022).

Dated: January 8, 2025

CHARLES J. COOPER
DAVID H. THOMPSON
BRIAN W. BARNES
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036

Respectfully submitted,

ASHLEY MOODY
  *Attorney General of Florida*

*/s/ Kevin A. Golembiewski*
HENRY C. WHITAKER
  *Solicitor General*
DANIEL W. BELL
  *Chief Deputy Solicitor General*
KEVIN A. GOLEMBIEWSKI
  *Senior Deputy Solicitor General*
DARRICK W. MONSON
  *Assistant Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Defendants conferred with Plaintiffs, who do not oppose the relief sought in this motion. *See* L.R. 7.1(B).

This motion complies with Local Rule 7.1(F) because it has 828 words, and the memorandum of law has 202 words.

*/s/ Kevin A. Golembiewski*
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I certify that on this 8th day of January, 2025, the foregoing motion and memorandum of law were served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

*/s/ Kevin A. Golembiewski*
Counsel for Defendants