IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC, et al.,

    Plaintiffs,

v.

JAMES UTHMEIER, in his official
capacity as Attorney General of the
State of Florida, et al.,

    Defendants.

_____/

Case No. 4:21-cv-220-RH/MAF

## JOINT MOTION TO AMEND SCHEDULE

The Parties jointly move under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 6.1 to amend the schedule for this case. In this motion, the Parties also present for judicial resolution their disagreement over the summary-judgment briefing schedule.

**I.    The Parties Jointly Propose Modifications to the Discovery Deadlines.**

The modified schedule that Parties jointly propose is as follows:

- **Deadline for each side's Rule 26(a)(2) disclosures:** extended from December 26, 2025, to 21 days after either (1) third-party Meta Platforms, Inc. ("Meta") produces materials ordered for production in resolution of Defendants' pending motion to compel, or (2) Defendants' pending motion to compel is denied fully by the Court. But if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), the deadline is the later of (1) 21 days after the other party's disclosure, or (2) the deadline that would otherwise apply.

- **The fact-discovery deadline:** remains January 2, 2026, for all fact discovery except (1) the discovery that is the subject of Defendants' pending motion to compel Meta's compliance with the third-party subpoena; and (2) the deposition of Meta employee Neil Potts. The deadline for the discovery that is the subject of Defendants' pending motion to compel and the deposition of Neil Potts is extended so that it is the later of (1) January 30, 2026; or (2) 28 days after either (a) Meta produces the materials ordered for production in resolution of Defendants' pending motion to compel, or (b) Defendants' pending motion to compel is denied fully by the Court.

- **Expert discovery deadline:** extended from February 11, 2026, to 70 days after either (1) Meta produces the materials ordered for production in resolution of Defendants' pending motion to compel; or (2) Defendants' pending motion to compel is denied fully by the Court.

Good cause supports modifying the current schedule. *See* FED. R. CIV. P. 16(b)(4). Good cause exists when the requesting party will be "unable to complete discovery, provide expert disclosures, or depose" witnesses despite the requesting party's diligence in pursuing discovery. *Bear v. Escambia Cnty. Bd. of Cnty. Comm'rs*, No. 3:19-cv-4424, 2022 WL 602266, at *4 (N.D. Fla. Mar. 1, 2022).

Defendants cannot complete fact discovery absent the proposed modifications. Defendants deposed four witnesses from Plaintiffs' members in November. But Meta witness Neil Potts is unavailable for a deposition the final two weeks of the fact-discovery period: December 19 to January 2. Accordingly, these proposed modifications would permit Defendants to depose Potts after the completion of the present fact-discovery period.

Moreover, Defendants' motion to compel compliance with their third-party subpoena to Meta is scheduled for a hearing before the Court on December 12. These proposed modifications account for a ruling for either side on that issue while avoiding any unnecessary delay. And these proposed modifications would permit Defendants to meaningfully complete discovery, including preparation for the deposition of Neil Potts and the preparation of expert reports, with the benefit of any material produced in response to the Court's decision on the motion to compel.

For these reasons, the Court should grant the Parties' joint motion to amend the deadlines for Rule 26(a)(2) disclosures, fact discovery, and expert discovery.

**II. The Parties' Positions on the Summary-Judgment Briefing Schedule and Current Deadline for Defendants to Respond to Plaintiffs' Partial Motion for Summary Judgment.**

Although the Parties have reached agreement regarding the deadlines discussed above, after extensive discussion, the Parties disagree about the summary-judgment schedule, including whether Defendants' current deadline for responding to Plaintiffs' partial summary-judgment motion is 21 days after the close of fact discovery or 21 days after the close of all discovery. Accordingly, the Parties respectfully submit to the Court for resolution their positions regarding the summary-judgment briefing schedule:

3

**Defendants' Position:**

Defendants seek a modification of the summary-judgment briefing schedule that is consistent with the current summary-judgment briefing structure, with appropriate extensions for resolution of the discovery dispute with Meta:

- **Deadline for Defendants to respond to Plaintiffs' motion for partial summary judgment and for Plaintiffs to amend or supplement the motion:** The deadline should be modified consistent with the modifications to the discovery deadlines outlined above. That is, Defendants' response remains due 21 days after the close of discovery, which means all fact and expert discovery.

- **Deadline for Plaintiffs to amend or supplement their motion for partial summary judgment:** The deadline should be modified consistent with the modifications to the discovery deadlines outlined above. That is, Plaintiffs may amend or supplement their motion until 21 days before the deadline for Defendants' response. In other words, Plaintiffs have until the close of all fact and expert discovery to amend or supplement their motion.

- **Deadline to move for summary judgment:** The deadline should be modified consistent with the modifications to the discovery deadlines outlined above. That is, the deadline should be extended from March 11, 2026, to 63 days after the deadline for close of all fact discovery.

- **Summary-judgment hearing:** rescheduled to the first available date on or after 70 days after the deadline for summary judgment.

- **Trial date:** rescheduled to the first available date on or after 189 days after the deadline to move for summary judgment.

Defendants' proposed modifications call for one round of summary-judgment briefing, which will result in a speedier and more efficient resolution of this case than Plaintiffs' proposal. Plaintiffs would have the Court delay further summary-judgment briefing until the Court rules on Plaintiffs' pending motion. That proposal

4

effectively calls for two rounds of summary-judgment briefing, two summary-judgment hearings, two summary-judgment orders from this Court, and a substantial delay in the resolution of this case. Although this Court invited multiple summary-judgment motions more than a year ago, Tr. of Sept. 25, 2024, Telephonic Hearing, Dkt. No. 168 at 35, multiple rounds of summary-judgment briefing *after* the close of discovery makes no sense. As this Court also recognized, "sometimes it does help to wait until all of [discovery is] done, and there's enough substance in this case that you may have to wait a little while." *Id.* A post-discovery ruling from the Court on Plaintiffs' pending motion would not narrow the issues for which discovery is needed or save time and resources. It would only double the time and effort that the Parties and Court must expend on summary-judgment proceedings. Nor does the possibility that this Court's ruling on Plaintiffs' pending motion might "inform" other briefing justify such significant delay. Instead, the summary-judgment hearing provides an adequate opportunity for the Parties to focus their arguments in response to questions from the Court.

Defendants' proposed modifications are consistent with the one round of summary-judgment briefing that this Court has currently scheduled and follow naturally from the Parties' jointly requested modifications of the discovery deadlines. The current schedule envisions nearly simultaneous summary-judgment briefing with Plaintiffs amending or supplementing their pending summary-

5

judgment motion by the close of discovery, Defendants opposing Plaintiffs' pending motion by March 4, 2026, and all other summary-judgment motions due March 11, 2026. Order, Dkt. No. 245 at 1; Order Modifying the Schedule, Dkt. No. 253 at 2.

Although Plaintiffs dispute it, the present deadline for Defendants' opposition to Plaintiffs' partial motion for summary judgment is March 4, 2026, which is 21 days following the current expert-discovery deadline. This Court explained that if Defendants' then-pending motion to "extend the discovery deadline" were granted that the deadline to respond to Plaintiffs' motion would be "21 days after the extended deadline." Order, Dkt. No. 245 at 1. The Court then granted Defendants' motion to modify the schedule. *See* Order Modifying the Schedule, Dkt. No. 253 at 2 (setting February 11, 2026, as the close of expert discovery); *see also* Nov. 5, 2025, Docket Entry Accompanying Order Modifying the Schedule (setting internal deadline for referral to the Court if response not filed by March 4, 2026, which is 21 days after February 11, 2026). Defendants understand the "discovery deadline" to mean the deadline for the completion of all discovery (i.e., the expert-discovery deadline) because general terms ordinarily "are to be accorded their full and fair scope." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW § 9, at 101 (2012).

Defendants' reading of this Court's order is also consistent with the relief that Defendants requested in their previous motion to modify the schedule. *See* Defs.' Mot. to Extend Schedule, Dkt. No. 244 at 4–5 ("[T]o develop expert testimony,

6

Defendants will need to share the nonpublic information they obtain with potential experts, but the protective order requires that Defendants give at least 14-days' notice before even providing experts with the information . . . ."); Decl. of Brian W. Barnes, Dkt. No. 241-1 ¶ 18 ("[A] stay of summary-judgment briefing until the close of discovery will give the third-party members time to produce nonpublic documents responsive to Defendants' subpoenas, for Defendants' expert witnesses to consider some of those materials in preparation of their reports, and for Defendants to depose the witnesses from Plaintiffs' members and ask them about information contained in the documents.").

Accordingly, Defendants' proposed modifications are consistent with the current summary-judgment briefing structure. This Court should retain that structure, with appropriate extensions for resolution of the discovery dispute with Meta, and reject Plaintiffs' request for needless delay and excessive summary-judgment proceedings.

**Plaintiffs' Position:**

While the Parties have agreed on the majority of the schedule modifications, two narrow but important disagreements remain regarding: (1) the deadline for Defendants' response to Plaintiffs' pending Motion for Partial Summary Judgment; and (2) the final deadline for filing dispositive motions. Plaintiffs propose the following dates for those deadlines:

- **Deadline for Defendants to respond to Plaintiffs' motion for partial summary judgment and for Plaintiffs to amend or supplement the motion:** Defendants' response to the pending motion should be due 21 days after the close of fact discovery. Accordingly, Plaintiffs' deadline to amend or supplement that motion should be 21 days earlier, i.e., the close of fact discovery.

- **Deadline to move for summary judgment:** The deadline should be set for 21 days after the Court rules on Plaintiffs' pending Motion for Partial Summary Judgment.

**Deadline for Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment.** First, Plaintiffs propose that Defendants' response to the pending motion should be due 21 days after the close of *fact* discovery. This issue arises from Defendants' original effort to extend their time to respond to Plaintiffs' motion for partial summary judgment, which was filed on September 15, 2025. *See* ECF No. 233. That motion was filed—nearly 8 weeks in advance of the then-applicable November 7, 2025 fact-discovery deadline—in light of this Court's invitation to Plaintiffs to file an early summary judgment motion. *See* ECF No. 168 at 35-36. Under the ordinary rule, Defendants' response to that motion would have been due on October 5, 2025.

On October 1, 2025, Plaintiffs filed a motion to stay summary judgment briefing until the close of discovery. ECF No. 241. In response, the Court extended Defendants' response deadline to "21 days after the extended deadline" without explicitly distinguishing between fact and expert discovery. *See* ECF No. 245. But

8

given the premise of Defendants' request, it makes more sense to understand this order as referencing *fact* discovery. Defendants' motion to stay briefing under Rule 56(d) was predicated entirely on the need to obtain "information … from Plaintiffs' members"—a pure fact discovery issue. *See* ECF No. 241 at 3-9; *see also* ECF No. 242 at 2 (similar argument in Defendants' motion to stay briefing on Plaintiffs' partial summary judgment motion pending resolution of the 56(d) motion). Defendants have never articulated a need to complete expert discovery to respond to the pending motion. Moreover, setting the deadline for Defendants' response after the close of expert discovery virtually guarantees that the Parties will not have the benefit of the Court's ruling on Plaintiffs' motion for partial summary judgment before the final deadline for filing dispositive motions. Consequently, tying the response to the close of fact discovery adheres to the rationale of the Court's Rule 56(d) stay, prevents unnecessary delay, and fosters judicial efficiency.

For these reasons, Plaintiffs respectfully ask the Court to clarify that Defendants' response to the motion for partial summary judgment is due 21 days after the close of fact discovery.

**Final Deadline for Dispositive Motions.** At the September 25, 2024, Case Management Conference, the Court expressly invited the filing of early summary judgment motions, noting that such rulings can streamline the case. *See* ECF No. 168 at 35-36; *see also* ECF No. 177. After giving Defendants an opportunity to take

9

discovery, including depositions of Plaintiffs' corporate representatives, Plaintiffs filed their early motion in reliance on that guidance, intending for the Court's ruling to inform the scope and necessity of any subsequent dispositive motions. But Plaintiffs, by significantly extending the briefing schedule for that motion—and now by trying to link their response deadline with the close of expert discovery—have created a scenario where the final deadline for filing dispositive motions will likely arrive before the Court has ruled on the Plaintiffs' initial motion. That is inefficient, and undermines an important purpose of the early partial summary judgment motion that Plaintiffs filed and that the Court had invited.

      To alleviate that needless delay, Plaintiffs propose that the final deadline for the Parties to move for summary judgment be set for 21 days after the Court rules on Plaintiffs' pending Motion for Partial Summary Judgment. That proposal ensures the Parties can benefit from the Court's guidance before the window to file dispositive motions closes. This approach may allow the Parties to narrow or even forego subsequent summary judgment motions, preserving judicial and party resources. This approach will foster efficiency and judicial economy and is unlikely to introduce extended delay, as Plaintiffs are confident the Court can rule promptly on the initial motion for partial summary judgment, in light of the Supreme Court's controlling decision in *Moody* and the relatively compact factual record. To be clear, Plaintiffs are *not* proposing a stay of briefing; the Parties would remain free to file

summary judgment motions earlier. Plaintiffs simply request a schedule that preserves the utility of the early motions practice invited by the Court but does not compel the parties into filing potentially unnecessary dispositive motions.

## CONCLUSION

The Court should grant the Parties' joint motion to modify the schedule as to the deadlines for Rule 26(a)(2) disclosures, fact discovery, and expert discovery. The Parties respectfully request that the Court consider the Parties' positions regarding the summary-judgment schedule and appropriately amend the schedule.

Dated: December 11, 2025                    Respectfully submitted,

                                            JAMES UTHMEIER
                                              *Attorney General of Florida*

                                            /s/ Kevin A. Golembiewski
Charles J. Cooper                           JEFFREY P. DESOUSA
David H. Thompson                             *Acting Solicitor General*
Brian W. Barnes                             KEVIN A. GOLEMBIEWSKI
Clark L. Hildabrand                           *Senior Deputy Solicitor General*
Jack Tucker                                 WILLIAM H. STAFFORD III
COOPER & KIRK, PLLC                           *Special Counsel*
1523 New Hampshire Ave., NW                 Office of the Attorney General
Washington, D.C. 20036                      The Capitol, PL-01
(202) 220-9600                              Tallahassee, Florida 32399
                                            (850) 414-3300

                        *Counsel for Defendants*


                                            /s/ Douglas L. Kilby
Paul D. Clement                             Douglas L. Kilby
Erin E. Murphy                              Florida Bar No. 0073407
James Y. Xi                                 Hannah E. Murphy
Mitchell K. Pallaki                         Florida Bar No. 1032759
CLEMENT & MURPHY, PLLC                      STEARNS WEAVER MILLER
706 Duke Street                             WEISSLER ALHADEFF &
Alexandria, VA 22314                        SITTERSON, P.A.
(202) 742-8900                              Highpoint Center
paul.clement@clementmurphy.com              106 East College Avenue, Suite 700
erin.murphy@clementmurphy.com               Tallahassee, FL 32301
james.xi@clementmurphy.com                  (850) 580-7200
mitchell.pallaki@clementmurphy.com          dkilby@stearnsweaver.com
                                            hmurphy@stearnsweaver.com

Brian M. Willen
Steffen N. Johnson
Paul N. Harold
WILSON SONSINI GOODRICH &
ROSATI, P.C.

12

1700 K Street NW
Washington DC 20006
(202) 973-8800
bwillen@wsgr.com
sjohnson@wsgr.com
pharold@wsgr.com

Lauren Gallo White
WILSON SONSINI GOODRICH &
ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

*Counsel for Plaintiffs NetChoice and CCIA*

## LOCAL RULE 7.1(B) CERTIFICATION

I hereby certify I complied with L.R. 7.1(B) by attempting in good faith to resolve the issue through a meaningful conference with attorneys for the adverse parties.

                                                  */s/ Kevin A. Golembiewski*
                                                  Counsel for Defendants

## LOCAL RULE 7.1(F) CERTIFICATE OF WORD COUNT

I hereby certify that pursuant to L.R. 7.1(F), the foregoing Motion contains 2,411 words, excluding the case style, signature block, and certificate of service, as determined by Microsoft Word for Microsoft Office 365.

                                                  */s/ Kevin A. Golembiewski*
                                                  Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on December 11, 2025, the foregoing Motion was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

                                                */s/ Kevin A. Golembiewski*
                                                Counsel for Defendants