IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NETCHOICE, LLC, et al.,

    Plaintiffs,

v.                                        Case No. 4:21-cv-220-RH/MAF

JAMES UTHMEIER, in his official
capacity as Attorney General of the
State of Florida, et al.,

    Defendants.
_____/

**MOTION TO MODIFY
PROTECTIVE ORDER REGARDING NON-PARTY DISCOVERY**

Defendants James Uthmeier, in his official capacity as Attorney General of the State of Florida, and Joni Alexis Poitier, John Martin Hayes, Kymberlee Curry Smith, Patrick Kilbane, Joseph Van de Bogart, Marva Preston, and Rick Joyce, in their official capacities as Commissioners of the Florida Elections Commission (collectively, "Defendants"), respectfully move to modify Section 2.9 "Outside Counsel of Record" in the Protective Order Regarding Non-Party Discovery, DE239, to state: "Attorneys who (1) are not employees of a Party to this action or a Non-Party but are retained to represent a Party or Non-Party and have appeared in this action on behalf of a Party or Non-Party or are affiliated with a law firm which has an attorney who has appeared on behalf of a Party or Non-Party; or (2) are employees of the Florida Office of the Attorney General and have appeared in this

action on behalf of a Defendant in this action." This amendment would clearly allow counsel of record who are employees of the Florida Office of the Attorney General to review material designated by non-parties as Highly Confidential – Attorneys' Eyes Only.

As explained in the accompanying memorandum of law, good cause supports this modification. All counsel of record for Defendant James Uthmeier, sued in his official capacity as Attorney General of Florida, have been attorneys at the Florida Attorney General's Office. Several of those attorneys have also appeared for the Florida Elections Commission Defendants. Defendants understood the existing Protective Order Regarding Non-Party Discovery to allow such counsel of record to view Highly Confidential – Attorneys' Eyes Only documents. However, after Defendants moved for entry of the Non-Party Protective Order, Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") took the position that attorneys at the Florida Attorney General's Office would be in violation of the protective order if they viewed the limited documents designated as Highly Confidential – Attorneys' Eyes Only or any portions of a deposition transcript, expert report, or court filing containing Highly Confidential – Attorneys' Eyes Only information. Meta and Google have generally refused to consent to allow counsel for the Florida Attorney General to access Highly Confidential – Attorneys' Eyes Only information.

Meta and Google have not identified any reason why attorneys at the Florida Attorney General's Office who have appeared as counsel of record should not be treated as other Outside Counsel of Record. The Florida Attorney General is not a business, trade association, or competitor of Meta or Google. The supposed prohibition serves no purpose other than to impede the litigation of this action. Accordingly, the equities clearly favor modification of the protective order.

## MEMORANDUM OF LAW

The Court should modify the Protective Order Regarding Non-Party Discovery, DE239, to clearly allow employees of the Florida Office of the Attorney General who have appeared in this action on behalf of a Defendant to review material designated as Highly Confidential – Attorneys' Eyes Only. Courts in the Eleventh Circuit "apply a balancing test to determine whether any justification exists for lifting or modifying [a] protective order." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 537-38 (S.D. Fla. 2010) (quotation omitted); *see also Insituform Techs., Inc. v. Amerik Supplies, Inc.*, No. 1:08-cv-333-TCB, 2015 WL 13064917, at *2 (N.D. Ga. May 13, 2015). This standard accords with the "balancing of interests approach to Rule 26(c)" used by the Eleventh Circuit to determine whether good cause exists for a protective order. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-57 (11th Cir. 1987) (quotation omitted); *see also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1250-52 (11th Cir. 2020) (finding no

abuse of discretion where "district court engaged in balancing sufficient to satisfy Rule 26(c)" and modified the protective order). Here, the balance of interests weighs heavily in favor of modifying Section 2.9 of the Protective Order Regarding Non-Party Discovery.

The Florida Attorney General is "the chief state legal officer" of Florida, art. IV, § 4(b), Fla. Const., and "[s]hall appear in and attend to such suits or prosecutions . . . in any courts . . . of the United States," § 16.01(5), Fla. Stat. The Florida Attorney General is also head of the Department of Legal Affairs, which is "responsible for providing all legal services required by any department, unless otherwise provided by law." § 16.015, Fla. Stat.

In this litigation, attorneys from the Florida Attorney General's Office have appeared as counsel of record for the Florida Attorney General, whom Plaintiffs sued in his official capacity. Both counsel at a private law firm (Cooper & Kirk, PLLC) and from the Florida Attorney General's Office have appeared as counsel for record for the Florida Elections Commission Defendants, whom Plaintiffs have also sued in their official capacity. But supervisory authority has rightly remained with attorneys from the Florida Attorney General's Office, who have directly participated in this case throughout all stages of litigation. Counsel of record from the Florida Attorney General's Office review, approve, and sign Defendants' filings, subpoenas, and deposition notices. Such attorneys have participated in hearings in front of this

Court, and the Florida Solicitor General argued the preliminary injunction appeal at the Supreme Court.

It is vital that attorneys from the Florida Attorney General's Office remain able to actively supervise and participate in this litigation. Plaintiffs are attempting to enjoin enforcement of provisions of S.B. 7072, a law democratically enacted by the Florida Legislature, which the Attorney General is defending.

Plaintiffs are trade associations whose members include Meta and Google. Plaintiffs have brought facial and as-applied challenges on behalf of Meta and Google, among other members. Because Plaintiffs represented that they lacked nonpublic documents for their members, *see* Order Denying Mot. to Dismiss & Mot. to Compel, DE209 at 39, Defendants sought such materials via third-party subpoenas. Because Meta and Google balked at producing internal documents without a Highly Confidential – Attorneys' Eyes Only protective order category, Defendants moved for entry of a protective governing non-party discovery, DE220. The Court entered a Protective Order Regarding Non-Party Discovery, DE239, that included extensive protections for documents designated as Highly Confidential – Attorneys' Eyes Only and ruled that "a federal protective order supersedes any contrary disclosure requirement under" the Florida Public Records Act, DE240.

Defendants have complied with the requirements of the Protective Order Regarding Non-Party Discovery. The protective order, for example, has limited

5

disclosure of Highly Confidential – Attorneys' Eyes Only information or items to "Outside Counsel of Record"; experts who comply with the requirements of the protective order, including a 14-day notice period; the Court and its personnel; deposition witnesses who are employees of the producing non-party; stenographic reporters, videographers, and their respective staff; and the authors of the documents. Protective Order Regarding Non-Party Discovery § 7.3. The protective order defines "Outside Counsel of Record" to mean "Attorneys who are not employees of a Party to this action or a Non-Party but are retained to represent or advise a Party or Non-Party and have appeared in this action on behalf of a Party or Non-Party or are affiliated with a law firm which has an attorney who has appeared on behalf of a Party or Non-Party." *Id.* § 2.9. Defendants understood this provision to include employees of the Department of Legal Affairs.

However, after entry of the protective order, Defendants' counsel observed that Meta and Google sent materials designated as Highly Confidential – Attorneys' Eyes Only solely to Cooper & Kirk attorneys who had appeared as counsel of record for the Florida Elections Commission Defendants. (Pinterest, the only other non-party to produce Highly Confidential – Attorneys' Eyes Only materials, sent those materials directly to counsel of record for the Florida Attorney General.) Meta and Google then expressed that they understood the Protective Order Regarding Non-Party Disclosure to treat all attorneys at the Florida Attorney General's Office

as "House Counsel," *see id.* § 2.7, regardless of whether such attorneys have appeared as counsel of record for the Florida Attorney General or the Florida Election Commission Defendants. This interpretation of the protective order leads to the absurd result that all counsel of record for Defendant James Uthmeier cannot access Highly Confidential – Attorney Eyes' Only material in any circumstance.

Neither Meta nor Google has provided any explanation justifying such an unreasonable and onerous restriction being placed on these materials. The Florida Attorney General's Office is not a business, trade association, or competitor of Meta or Google. And the extent of Highly Confidential – Attorney Eyes' Only material that Meta and Google have produced is limited to 6 documents for Meta and 15 documents for Google. To the extent the Court compels Meta to produce materials from the list of approximately 4,000 documents subject to the existing discovery dispute, and to the extent Meta designates any of those materials as Highly Confidential – Attorneys' Eyes Only, Meta has already agreed to produce those documents to the Florida Attorney General's Office in separate state court litigation. *See* Joint Case Management Statement at 7, *Off. of the Att'y Gen. v. Meta Platforms, Inc.*, No. 2024-CA-3193 (Fla. Cir. Ct. July 7, 2025), *filed at Uthmeier v. Meta Platforms, Inc.*, No. 4:25-mc-120-RH-MAF, Doc. 1-11 (N.D. Fla. Nov. 6, 2025). While this dispute has been pending, Defendants have complied with Meta and Google's reading of the protective order and have not provided counsel of record

from the Florida Attorney General's Office access to Meta and Google's Highly Confidential – Attorneys' Eye Only documents, except for limited circumstances where Google has provided written consent to such access.

The present arrangement is not sustainable. Although the Highly Confidential – Attorneys' Eyes Only materials cover a limited set of documents and deposition testimony regarding those documents, those materials are some of the ones that are most likely to be cited in summary-judgment briefing and to be discussed in expert reports. As expert disclosure and summary-judgment briefing deadlines approach, counsel of record from the Florida Attorney General's Office need to have access to those materials so that they can appropriately supervise and participate in this litigation. Otherwise, no counsel of record for Defendant James Uthmeier will be able to review experts' discussion of Highly Confidential – Attorneys' Eyes Only documents, to supervise the deposition of Meta's witness Neil Potts, or to file summary-judgment briefs that incorporate the Highly Confidential – Attorney Eyes' Only documents. Counsel of record from the Florida Attorney General's Office cannot even see the Highly Confidential – Attorneys' Eyes Only documents if such materials are filed under seal by counsel at a private law firm.

Even with the modification, the Protective Order Regarding Non-Party Discovery will provide extensive protections for Meta and Google. Defendants can use Protected Material "only for prosecuting, defending or attempting to settle this

8

litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding." DE239 § 7.1. And Defendants must return or destroy such material after the final disposition of the action, regardless of the Florida Public Records Act. *Id.* at § 12.

With modification, the protective order will "allow the litigation to proceed expeditiously without compromising the rights of anyone." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 357. But without modification, counsel of record at the Florida Attorney General's Office must decide either (1) to remove themselves from supervision and participation in key aspects of this litigation; or (2) to risk the Court agreeing with Meta and Google's reading of the protective order and ruling that counsel of record are in violation of the order—an unacceptable option. Accordingly, "[o]n balance, the equities clearly favor modification of the protective order." *Boca Raton Cmty. Hosp., Inc.*, 271 F.R.D. at 537.

## CONCLUSION

The Court should grant Defendants' motion to modify the Protective Order Regarding Non-Party Discovery.

Dated: December 12, 2025	Respectfully submitted,

                                            JAMES UTHMEIER
                                              *Attorney General of Florida*

                                            */s/ Kevin A. Golembiewski*
                                            JEFFREY P. DESOUSA
CHARLES J. COOPER                 *Acting Solicitor General*
DAVID H. THOMPSON            KEVIN A. GOLEMBIEWSKI
BRIAN W. BARNES                  *Senior Deputy Solicitor General*
CLARK L. HILDABRAND         WILLIAM H. STAFFORD III
JACK TUCKER                           *Special Counsel*
COOPER & KIRK, PLLC          Office of the Attorney General
1523 New Hampshire Ave., NW   The Capitol, PL-01
Washington, D.C. 20036         Tallahassee, Florida 32399
(202) 220-9600                     (850) 414-3300

*Counsel for FEC Defendants*      *Counsel for Defendants*

## LOCAL RULE 7.1(B) CERTIFICATION

I hereby certify I complied with L.R. 7.1(B) by attempting in good faith to resolve the issue through a meaningful conference with attorneys for the adverse parties. Counsel for Meta and Google represented that they would oppose this motion. Counsel for Plaintiffs did not respond to Defendants' request for Plaintiffs' position on the motion.

*/s/ Kevin A. Golembiewski*
Counsel for Defendants

## LOCAL RULE 7.1(F) CERTIFICATE OF WORD COUNT

I hereby certify that pursuant to L.R. 7.1(F), the foregoing motion, memorandum, and Local Rule 7.1(B) certification contain 1,994 words, excluding the case style, signature block, and certificate of service, as determined by Microsoft Word for Microsoft Office 365.

*/s/ Kevin A. Golembiewski*
Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, the foregoing filing was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

*/s/ Kevin A. Golembiewski*
Counsel for Defendants
