**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

NetChoice, LLC, et al.,

                Plaintiff,

      v.

James Uthmeier, in his official capacity as
Attorney General of the State of Florida, et al.

              Defendant.

Case No. 4:21-cv-220-RH-MAF

## PROTECTIVE ORDER REGARDING NON-PARTY DISCOVERY

1.    <u>PURPOSES AND LIMITATIONS</u>

      Non-party disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, this Protective Order Regarding Non-Party Discovery ("Non-Party Protective Order" or "Order") shall apply to non-party discovery and, to the extent inconsistent, supersedes the Protective Order on file regarding discovery between the parties to this action (DE195). This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 11.5 below, this Order does not entitle the Parties or Producing Non-Parties to file confidential information under seal; Local Rule 5.5 sets forth the procedures that must be followed and the

standards that will be applied when a Party or Producing Non-Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: A Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as a testifying or consulting expert witness in this action; (2) is not a current employee of a Party, the Producing Non-Party, a company that Plaintiffs identified a potential witness in their July 3, 2025 disclosures, TikTok, Inc., Snap Inc., or a competitor of the Producing Non-Party; and (3) at the time of retention, is not anticipated to become an employee of a Party, the Producing Non-Party, a company that Plaintiffs identified a potential witness in their July 3, 2025 disclosures, TikTok, Inc., Snap Inc., or a competitor of the Producing Non-Party.

2.6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7    House Counsel: Attorneys who are members in good standing of at least one state bar, who are employees or contractors of a Party or Non-Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: Attorneys who are not employees of a Party to this action or a Non-Party but are retained to represent or advise a Party or Non-Party and have appeared in this action on behalf of a Party or Non-Party or are affiliated with a law firm which has an attorney who has appeared on behalf of a Party or Non-Party.

2.10    Party: Any party to this action.

2.11    Producing Non-Party: A Non-Party that produced the specific Disclosure or Discovery Material in question and, if applicable, has designated such materials pursuant to this Order.

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or Non-Party or its counsel to provide litigation support services with respect to this action; (2) are (including any employees and subcontractors) not a current employee of a Party, Non-Party, or a

competitor of a Party or Non-Party; and (3) at the time of retention, are not anticipated to become an employee of a Party, Non-Party, or of a competitor of a Party or Non-Party.

2.13    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party: A Party that receives Disclosure or Discovery Material.

2.15    Source Code: Computer code, revision histories of the computer code, comments made directly on the computer code for the purpose of revising the computer code, formulas, engineering specifications, or schematics that define the algorithms or structure of software or hardware designs.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any document that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any document known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the document lawfully and under no obligation of confidentiality to the Producing Non-Party. Protected Material produced and/or provided in this litigation and covered by the protections conferred by this Order may not be used in other past, current, or future litigation involving the Producing Non-Party. If there is any dispute about whether any Protected Material is in the public domain, the Challenging Party

and Producing Non-Party agree to meet and confer in accordance with Section 6 of this Order. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order is not intended to, and does not, govern the inspection of a Non-Party's Source Code.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Producing Non-Party agrees in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Non-Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. Any document that contains "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety.

If the Producing Non-Party makes original documents or materials available for inspection it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Non-Party will determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Non-Party will affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, the Producing Non-Party must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted, or identify in writing, within 21 days of receipt of the final transcript, all protected testimony and specify the level of protection being asserted. Until the 21-day period has expired, unless the Producing Non-Party agrees otherwise, all testimony regarding exhibits that are designated Protected Material must be treated in accordance with the level the Protected Material was designated.

Parties shall give the other Parties, and the applicable Producing Non-Party, reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties or the Producing Non-Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Producing Non-Party. The Producing Non-Party (if

attending the deposition or other proceeding) or the Party using the Protected Material (if the Producing Non-Party is not attending the deposition or other proceeding) shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must, after their designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

If substantially all of the deposition transcript is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," then the Producing Non-Party and the Party using the Protected Material may meet and confer about treating the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)    For information produced in some form other than documentary and for any other tangible items, the Producing Non-Party will affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.2    <u>Failures to Designate</u>. A failure to designate qualified information or items does not waive the Producing Non-Party's right to secure protection under this Order for such material. The Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon the request of the Producing Non-Party, within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the

Producing Non-Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation, not including the officers, directors, and employees (including House Counsel) of the Receiving Party or otherwise qualified persons who subsequently signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

In the event that a Producing Non-Party fails to designate Protected Material, the Producing Non-Party shall give written notice of such production (the "Re-Designation Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of a Re-Designation Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the original Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Non-Party. Should the Receiving Party choose to destroy the originally produced Protected Material, the Receiving Party shall notify the Producing Non-Party of such destruction as soon as practicable. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in Section 11 below.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to the Producing Non-Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Nor does a Party waive its right to challenge a confidentiality designation by complying with Local Civil Rule 5.5 regarding filing of documents under seal.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Challenging Party and the Producing Non-Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Non-Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Producing Non-Party must, if no change in designation is offered, explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>. If the Challenging Party and the Producing Non-Party cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Local Rule 7.1 (and in compliance with Local Rule 5.5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Challenging Party and the Producing Non-Party agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Producing Non-Party is entitled to file a response within 14 days after the Challenging Party files its motion.

The burden of persuasion in any such challenge proceeding shall be on the Producing Non-Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the Producing Non-Party) may expose the Challenging Party to sanctions. The Challenging Party and the Producing Non-Party shall continue to afford the material in question the level of protection to which it is entitled under the Producing Non-Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by the Producing Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1]  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

---

[1]In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed. If a Producing Non-Party anticipates that its Rule 30(b)(6) witness is unauthorized to testify about any of the Producing Non-Party's materials produced in this action, then the Producing Non-Party shall promptly meet and confer regarding that issue with the noticing Party so that the Producing Non-Party can ensure it is able to provide a witness authorized to testify about such materials.

Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Non-Party or by further order of the Court.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Non-Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action or Outside Counsel of Record for another Party in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party or of another Party in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The Court and its personnel;

(e)    Stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound"

(Exhibit A), unless the Producing Non-Party objects in good faith to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Producing Non-Party to object but need not provide notice to disclose materials from the Producing Non-Party to an employee or officer of the same Producing Non-Party or of the Producing Non-Party's subsidiary or parent company. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knows the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Producing Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of Record or Outside Counsel of Record for another Party in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Kevin Golembiewski and William Stafford of the Florida Attorney General Office, provided they have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, and provided that for the duration of this litigation and for two years following the Final disposition of this litigation (as that term is defined in Section 4 above):

1. Neither Mr. Golembiewski or Mr. Stafford will participate in any investigations[2] by the Florida Attorney General's office of any Producing Non-Party whose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents they have received or reviewed, including any of the subsidiaries or affiliates[3] of any Producing Non-Party identified in Defendants' subpoenas to non-parties subject to this Protective Order;

2. Neither Mr. Golembiewski or Mr. Stafford will participate in the decision-making process regarding whether the Florida Attorney General will issue civil investigative demands or subpoenas to any Producing Non-Party whose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents they have received or reviewed, including any of the subsidiaries or affiliates of any Producing Non-Party identified in Defendants' subpoenas to non-parties subject to this Protective Order; and

3. Neither Mr. Golembiewski or Mr. Stafford will participate in the decision-making process regarding whether the Florida Attorney General will bring enforcement actions against the relevant Producing Non-Party whose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents they have received or reviewed, including any of the subsidiaries or affiliates of any

---

[2] Here, "investigations" shall include any pre-suit information-gathering activity.

[3] As to Non-Party Google LLC, "subsidiaries or affiliates" shall include Alphabet, Inc., YouTube, LLC, as well as any corporate entities that are subsidiary to or affiliated with Google LLC that operate Google LLC, YouTube LLC, Google Search, Gmail, Google Accounts, Google Chat, Google Workspace, Google Drive, Google Photos, and YouTube. As to Non-Party Meta Platforms Inc., "subsidiaries or affiliates" shall include Meta Platforms Inc., as well as any other corporate entities that are subsidiary to or affiliated with Meta Platforms Inc. that operate the former Facebook, Inc., along with Meta's corporate entities that operate Facebook, Instagram, Messenger, Threads, and WhatsApp.

Producing Non-Party identified in Defendants' subpoenas to non-parties subject to this Protective Order.

(c)     Experts of the Receiving Party or of another Party in this action (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, are followed;

(d)     The Court and its personnel;

(e)     During their depositions, witnesses in the action who are employees of the Producing Non-Party or of the Producing Non-Party's subsidiary or parent company to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the Producing Non-Party objects in good faith to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Producing Non-Party to object but need not provide notice to disclose materials from the Producing Non-Party to an employee or officer of the same Producing Non-Party or of the Producing Non-Party's subsidiary or parent company. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(f)     Stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knows the information, unless the Producing Non-Party objects in good faith to the disclosure.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Producing Non-Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" must first make a written request to the Producing Non-Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of such an Expert disclosure, if the Expert believes any of the information to be disclosed is subject to a confidentiality obligation to a Non-Party, then the

Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert must be available to meet and confer with the Producing Non-Party regarding any such engagement.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 calendar days of delivering the request, the Party receives a written objection from the Producing Non-Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Producing Non-Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rules 7.1 and 26.1(D) (and in compliance with Local Rule 5.5, if applicable). On any such motion, the Producing Non-Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     <u>PROTECTED MATERIAL ORDERED PRODUCED IN OTHER LITIGATION OR INVESTIGATIONS</u>

If a Party is served with a subpoena, or similar requirement, to produce documents issued by a court, arbitral, administrative, government, regulatory, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated by a Producing Non-Party in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party shall:

(a)    promptly notify the Producing Non-Party in writing. Such notification shall include a copy of the subpoena or order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Producing Non-Party[4]

If the Producing Non-Party[5] seeks a protective order, the Party served with the subpoena or order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Non-Party's permission.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Producing Non-Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[4]The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Non-Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.
[5]The Producing Non-Party shall have at least 30 days from the service of the notification pursuant to Section 8(a) to seek a protective order.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to the Producing Non-Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

10.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1    Pursuant to Federal Rules of Evidence 502(d) the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and accompanying metadata ("Protected Documents"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the Receiving Party or any Non-Parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents.

10.2    When the Producing Non-Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified

information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.

Any inadvertent disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    MISCELLANEOUS

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or the Producing Non-Party or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

11.2    No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties and the Producing Non-Party that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties and the Producing Non-Party reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

11.3    Export Control. The Producing Non-Party may designate Protected Material that is subject to restrictions inapplicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons

or nationals in the United States or elsewhere. Each party receiving Protected Information designated as subject to such export control restrictions shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734. No Protected Information designated as subject to export control restrictions may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information designated as subject to export control restrictions through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Non-Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

11.4    Filing Protected Material. Without written permission from the Producing Non-Party or a Court order secured after appropriate notice, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 5.5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 5.5 is denied

by the court, then the Receiving Party may not file the Protected Material in the public record unless otherwise instructed by the court.

11.5    <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of five business day's notice to the Producing Non-Party in the event that a Party intends to use any Protected Information during any hearing or trial. Subject to any challenges under Section 6 or otherwise to the appropriateness of the Protected Information's designation, the Parties will not oppose any reasonable request by the Producing Non-Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

11.6    <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

11.7    <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation if the Court deems an award of such costs, expenses, and fees to be appropriate and reasonable.

11.8    Data Security. Any Party in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. Each Party will ensure that anyone acting on that Party's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Non-Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any closed LLM or AI platforms where the Producing Party's Protected Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. The Receiving Party will be responsible for destroying such produced information from such tools at the Final Disposition of this action and shall make reasonably sure that the Receiving Party has the ability to do so before transferring Protected Material to a closed LLM or AI platform.

If the Receiving Party intends to use Protected Material during a deposition of the Producing Non-Party or one of the Producing Non-Party's employees, including an employee of the Producing Non-Party's parent company or subsidiary, the Receiving Party and the Producing Non-Party shall meet and confer regarding the technology to be used to conduct the deposition with respect to Protected Material (e.g., for audio/video-conferencing and exhibits).

12.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Non-Party or destroy such

material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Non-Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the Northern District of Florida is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of Florida.

SO ORDERED on January 27, 2026.

s/Robert L. Hinkle
United States District Judge

EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Regarding Non-Party Discovery that was issued by the United States District Court for the Northern District of Florida in the case of *NetChoice v. Uthmeier*, No. 4:21-cv-220. I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____
                      [printed name]

Signature: _____
                   [signature]