**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

NETCHOICE, LLC, et al.,

     Plaintiffs,

v.

JAMES UTHMEIER, in his official

capacity as Attorney General of the
State of Florida, et al.,

     Defendants.

_____/

Case No. 4:21-cv-220-RH/MAF

ORAL ARGUMENT REQUESTED

## <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Under Federal Rule of Civil Procedure 56 and Northern District of Florida
Rule 56.1, Defendants respectfully move for an Order of Summary Judgment for the
reasons set forth in the memorandum of law filed concurrently herewith. Specifically,
Defendants move for the following dispositions:

1.     Dismissal for lack of standing of Plaintiffs' First Amendment challenges
to the following provisions: (1) consistency provision, FLA. STAT. §501.2041(2)(b);
(2) ban on the use of post-prioritization or shadowbanning algorithms for posts by or
about candidates, §501.2041(2)(h); (3) candidate-deplatforming provision, §106.072(2);
(4) limit on censoring, deplatforming, and shadowbanning journalistic enterprises,
§501.2041(2)(j); (5) opt-out provision, §501.2041(2)(f)(2); (6) individualized-disclosure
provision, §501.2041(2)(d)(1), (3); (7) rules-change provision, §501.2041(2)(c);

(8) standards provision, §501.2041(2)(a); and (9) view-count provision, §501.2041(2)(e). Or, alternatively, judgment for Defendants on Plaintiffs' First Amendment challenges to those provisions.

2.    Judgment for Defendants on Plaintiffs' vagueness challenges to the consistency provision, §501.2041(2)(b), and the ban on the use of post-prioritization for posts by or about candidates, §501.2041(2)(h).

3.    Dismissal for lack of standing of Plaintiffs' Section 230 challenges to the following provisions: consistency provision, §501.2041(2)(b), candidate-deplatforming provision, §106.072(2), ban on the use of post-prioritization or shadowbanning algorithms for posts by or about candidates, §501.2041(2)(h), limit on censoring, deplatforming, or shadowbanning journalistic enterprises, §501.2041(2)(j), opt-out provision, §501.2041(2)(f)(2), individualized-disclosure provision, §501.2041(2)(d)(1), (3), and rules-change provision, §501.2041(2)(c).

## REQUEST FOR ORAL ARGUMENT

Under Northern District of Florida Rule 7.1(K), Defendants respectfully request oral argument on this Motion and estimate that the hearing will require one and a half hours of argument time.

Dated: April 3, 2026                    Respectfully submitted,

JAMES UTHMEIER
*Attorney General of Florida*

2

/s/William H. Stafford, III

Charles J. Cooper            William H. Stafford, III
David H. Thompson
Brian W. Barnes              Office of the Attorney General
Clark L. Hildabrand          The Capitol, PL-01
Jack Tucker                  Tallahassee, Florida 32399-1050
COOPER & KIRK, PLLC          (850) 414-3694
1523 New Hampshire Ave., NW  (850) 410-2672 (fax)
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

*Counsel for Defendants*

3

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Motion contains 249 words, excluding the parts the exempted by N.D. Fla. R. 7.1(F), and thus complies with that rule.

/s/William H. Stafford, III
William H. Stafford, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record via the CM/ECF system on this 3rd day of April, 2026.

/s/William H. Stafford, III
William H. Stafford, III