**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

NETCHOICE, LLC, et al.,

      Plaintiffs,

v.

JAMES UTHMEIER, in his official
capacity as Attorney General of the
State of Florida, et al.,

      Defendants.

_____/

Case No. 4:21-cv-220-RH/MAF

**MOTION TO CONSOLIDATE PLAINTIFFS' SUMMARY-JUDGMENT
MEMORANDA OR FOR LEAVE TO FILE AN OMNIBUS OPPOSITION**

Plaintiffs violated this Court's orders by filing an improper second summary-judgment motion on April 3, 2026, Pls.' Second Mot. for Summ. J., DE287 (Apr. 3, 2026), supported by a 6,084-word memorandum, Pls.' Mem. In Support of Second Mot. for Summ. J., DE288 (Apr. 3, 2026) ("DE288"). This maneuver was contrary to the Court's order requiring Plaintiffs to amend or supplement their summary-judgment motion by March 20, 2026, Order, DE268:2 (Dec. 15, 2025) ("DE268"), and the Court's order limiting principal summary-judgment briefs to 12,750 words, Order on Summ. J. Procedures, DE283 (Mar. 23, 2026) ("DE283"). Plaintiffs had *already* filed a summary-judgment motion on March 20, 2026, Pls.' Am. Mot. for Summ. J., DE281 (Mar. 20, 2026), supported by a memorandum that was 12,698 words long, Pls.' Mem. in Support of Am. Mot. for Summ. J. DE282-1 (Mar. 20, 2026)

1

("DE282-1").

Under this Court' s inherent authority to manage its docket and Federal Rule of Civil Procedure 16(b)(3)(A), Defendants respectfully request that the Court order Plaintiffs to consolidate their two memoranda in support of their two summary-judgment motions into a single memorandum that complies with the word limit set by this Court's Order on Summary-Judgment Procedures. DE283. Alternatively, Defendants respectfully request that this Court authorize Defendants to file an omnibus response to both of Plaintiffs' summary-judgment motions, due on May 1, 2026, with a limit of 18,782 words—equal to the number of words in Plaintiffs' two memoranda in support of their summary-judgment motions.

## MEMORANDUM OF LAW

This Court has explained that filing two motions for summary judgment is ordinarily improper. *See James v. United States*, No. 3:22cv18025-TKW-HTC, 2023 WL 9103130, at *3 n.3 (N.D. Fla. May 4, 2023) (explaining that a "party may normally only file one motion for summary judgment" but accepting a second motion because it "likely would not have been filed had Plaintiff timely provided his Rule 26(a)(2) disclosures"); *Killick v. Harbor Freight Tools USA Inc.*, No. 5:21-cv-111-MW-MJF, 2022 WL 22586365, at *4 n.3 (N.D. Fla. Dec. 7, 2022) ("Plaintiff fails to explain why a second motion for summary judgment is needed and why he did not include all of his arguments in his first motion for summary judgment."); *Welch v. Theodorides-Bustle*, 753

2

F. Supp. 2d 1223, 1227–28 (N.D. Fla. 2010) (denying leave to file a second summary-judgment motion); *K&H Dev. Grp. v. Howard*, No. 3:06cv494/MD, 2008 WL 2813191, at *1 (N.D. Fla. Jul. 18, 2008) (ordering litigant to "re-file a single superseding motion for summary judgment" after the litigant filed two motions for summary judgment).

Yet Plaintiffs did just that in this action. Plaintiffs filed a second summary-judgment motion even though this Court set March 20, 2026, as the deadline for Plaintiffs to "amend *or supplement* the pending summary-judgment motion." DE268:2 (emphasis added).

To be sure, some courts have allowed litigants to file a second summary-judgment motion when the second motion involves "new facts or arguments" that "could not have [been] raised in the first round of briefing." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004). Not so here. Every fact or argument Plaintiffs raised in their second summary-judgment motion could have been raised two weeks earlier.

Every exhibit Plaintiffs cited in their second summary-judgment motion was available to them when they filed their first summary-judgment motion. Fact discovery closed on January 2, 2026, except for the deposition of one fact witness that took place later that month. *See* DE268:2 (setting fact discovery deadlines). Expert discovery also closed before the March 20, 2026, deadline the Court set for Plaintiffs "to amend or supplement" their summary-judgment motion, *see id.*, but their second summary-

judgment motion did not cite any expert report or deposition, *see generally* DE288. The only new exhibit Plaintiffs filed with their second summary-judgment motion contained "Further Excerpts of the Deposition of Jasmine Vasquez," which was taken on "November 12, 2025." Pls.' Notice of Filing Ex. in Support of Second Mot. for Summ. J., DE286:1 (Apr. 3, 2026). And the only newly decided case that Plaintiffs' second summary-judgment motion cited was one that Plaintiffs used for a point "explained in more detail in their earlier summary-judgment motion." DE288:19 (citing a portion of *Chiles v. Salazar*, No. 24–539, 2026 WL 872307, at *8 (U.S. Mar. 31, 2026), quoting cases decided years ago).

Plaintiffs' second motion is also inconsistent with this Court's prior rulings. Defendants previously argued that "multiple rounds of summary-judgment briefing *after* the close of discovery makes no sense." Joint Mot. to Amend Schedule, DE264:5 (Dec. 11, 2025). This Court agreed and set the deadline for Plaintiffs to "amend or supplement the pending summary-judgment" motion as March 20, 2026. DE268:2. Plaintiffs then asked Defendants to agree to an expansion of the word limit for their memorandum in support of their amended summary-judgment motion. Defendants agreed and asked for a corresponding extension for their response. The Parties filed a joint motion to that effect. Joint Mot. to Modify Word Count Limitations and Deadlines Related to Pls.' Am. Mot. for Summ. J., DE282 (Mar. 20, 2026). But Plaintiffs did not mention that they intended to file a second motion for summary judgment. This Court then

issued its "Order on Summary-Judgment Procedures," which increased the word limit for "principal memoranda" to "12,750 words"—a 4,750-word increase from the limit prescribed by Northern District of Florida Local Rule 56.1(C). DE283. On April 3, 2026, Defendants filed a single motion for summary judgment with a supporting memorandum that complied with that word limit. Defs.' Mot. for Summ. J., DE291 (Apr. 3, 2026); Defs.' Mem. in Support of Mot. for Summ. J., DE292 (Apr. 3, 2026). Meanwhile, Plaintiffs filed a second motion for summary judgment and a supporting memorandum that put them 6,007 words over the limit for principal memoranda set by this Court's order. DE287; DE288.

Were Plaintiffs' maneuver proper, Defendants likewise could have split their summary-judgment motion in two and blown past the 12,750-word limit, and other litigants could do the same in the future. That cannot be the proper procedure for moving for summary judgment.

This Court "has managerial power . . . 'inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). And Rule 16(b)(3)(A) requires the scheduling order to address the deadline to file motions. Because Plaintiffs' failed to comply with this Court's orders regarding scheduling and summary-judgment procedures, DE268:2; DE283:1, Defendants

respectfully request that this Court exercise its discretion to either (a) require Plaintiffs to file a consolidated memorandum that complies with the 12,750-word limit or (b) authorize Defendants to file an omnibus respond to both motions on May 1, 2026, with a limit of 18,782 words—equal to the number of words in Plaintiffs' two memoranda in support of their summary-judgment motions. DE282-1:64; DE288:33.

Dated: April 10, 2026

Charles J. Cooper
David H. Thompson
Brian W. Barnes
Clark L. Hildabrand
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General of Florida*

*/s/ William H. Stafford III*
WILLIAM H. STAFFORD III

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300

*Counsel for Defendants*

6

## LOCAL RULE 7.1(B) CERTIFICATION

I hereby certify I complied with L.R. 7.1(B) by attempting in good faith to resolve the issue through a meaningful conference with attorneys for the adverse parties. On April 9, 2026, counsel for Defendants requested via email Plaintiffs' position on this motion. Over 24 hours have expired, and Plaintiffs' counsel has not responded.

## LOCAL RULE 7.1(F) CERTIFICATE OF WORD COUNT

I hereby certify that pursuant to L.R. 7.1(F), the foregoing Motion contains 1,162 words, excluding the case style, signature block, and certificate of service, as determined by Microsoft Word for Microsoft Office 365.

7

## CERTIFICATE OF SERVICE

I certify that on April 10, 2026, the foregoing Motion was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

*/s/ William H. Stafford, III*
William H. Stafford, III

*Counsel for Defendants*

8